THE CENTRAL KANSAS LOAN & INVESTMENT COMPANY
v. THE CHICAGO LUMBER COMPANY.

PETITION IN ERROR—*Defect of Parties—Dismissal.* Where a judgment
against several defendants is brought up to the supreme court for
review, and it appears that a modification or reversal will affect a de-
fendant who has not been made a party, the proceeding in error will
be dismissed.

*Error from Kingman District Court.*

THE opinion herein, filed at the session of the court in
July, 1894, states the material facts.

*Hay & Hay,* for plaintiff in error.

*W. E. Stanley,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The plaintiff in error brought an action to
foreclose mortages executed by Hiram Stout and wife upon
lots situated in the city of Kingman. The Chicago Lumber
Company and eight other parties, who claimed an interest in
the premises, were made defendants; and the lumber com-
pany, in an answer and cross petition, set up a lien for build-
ing material, which was contracted for by Stout prior to the
execution of the mortgages. The Stouts answered, alleging
that a great part of the mortgage debt was usurious and with-
out consideration; and further, that the plaintiff was not the
owner and holder of the notes. They also replied to the an-
swer and cross petition of the Chicago Lumber Company,
denying the averments which it contained, and a like reply
was made to the answer and cross petition of the contractor,
George Keys. When the trial was had, the Stouts appeared
and contested the claims of the investment company, of the
Chicago Lumber Company, and of George Keys, all of whom
were represented by attorneys. The result was a recovery
of a judgment against the Stouts in favor of the Chicago
Lumber Company for $1,519.52, a judgment for the amount

claimed by the investment company, and it was further decided that the judgment for the lumber company was a first lien upon the mortgaged property, and that the mortgage debt of plaintiff was a second lien, and the other parties were barred and foreclosed of any right, title or interest in the premises. The plaintiff excepted, and brings the case here for review, but the Chicago Lumber Company is the only defendant that has been made a party to the proceedings in this court. Hiram Stout and his wife, as well as the defendant Keys, filed answers and raised material issues in the case. They are interested in the judgment sought to be reviewed, and their presence, or at least the presence of the Stouts, is necessary to a review. They are interested in the amount of the recovery, and the plaintiff in error insists that the judgment obtained by the lumber company against Stout, and which was made a first lien against the premises, was excessive and erroneous.

There is more involved than the mere question of priority between the two lien holders, and a reversal necessarily affects the interests of the absent defendants. It is held that the absence of a party to a judgment who will necessarily be affected by a modification or reversal defeats the jurisdiction of the court, and there can be no review of any part of the judgment. (*Paper Co. v. Hentig,* 31 Kas. 322; *McPherson v. Storch,* 49 id. 313; *Paving Co. v. Botsford,* 50 id. 331; *Steele v. Baum,* 51 id. 165.) The failure to bring into this court the necessary parties compels an allowance of the motion to dismiss. Before taking up the motion to dismiss, we had examined the record in the case and found that it does not legally appear to contain all the evidence, and hence, we could not have considered the sufficiency of the evidence to sustain the judgment. An examination of the answer and cross petition of the Chicago Lumber Company satisfies us that the demurrer thereto was properly overruled, and that no error was committed in that ruling. The absence of necessary parties, however, compels a dismissal of the proceeding.

All the Justices concurring.