## SOUTHERN DEPARTMENT—CENTRAL DIVISION.
### MAY TERM, 1895.

LUCY BAIN v. THE CONNECTICUT MUTUAL LIFE INSURANCE COMPANY *et al.*

No. 11.

COURTS OF APPEALS—*Necessary Parties.* Where a judgment against several parties is brought into the court of appeals for review, and it is apparent that a modification or reversal thereof will affect other parties not made parties to the proceeding for review, the court cannot entertain the case, and it will be dismissed.

MEMORANDUM.—Error from Lyon district court; CHARLES B. GRAVES, judge. Action by The Connecticut Mutual Life Insurance Company against Robert Martin and others. Judgment for the plaintiff. The defendant Lucy Bain brings the case to this court. Dismissed. The opinion herein, filed June 7, 1895, contains a sufficient statement of the case.

*J. G. Hutchison*, for plaintiffs in error.

*C. N. Sterry*, for defendant in error Calvin Hood.

The opinion of the court was delivered by

JOHNSON, P. J. : This action was commenced in the district court of Lyon county by the Connecticut Mutual Life Insurance Company against Robert Martin, John L. Butler, Lucy Bain, and Calvin Hood. The suit was on a promissory note executed by Robert Martin to the Connecticut Mutual Life Insurance Company, dated November 1, 1887, secured by a mortgage on real estate in Lyon county. Summons

was personally served on the defendants Robert Martin, Calvin Hood, Tressler & Lowery, and John L. Butler. On the 10th day of December, 1889, Lucy Bain voluntarily appeared, and by leave of court filed her motion to require the plaintiff to make its petition more definite and certain, which motion was afterward sustained as to the first point set out in the motion, and the plaintiff was required to state in its petition whether it is a duly-organized corporation under a general law of the state of Connecticut applicable to all corporations, or whether it derives its corporate existence and powers from and by reason of a special act of the legislature of the state of Connecticut creating it. As to the second, third, fourth, fifth, seventh and eighth points in said motion set out, the motion was overruled. As to the sixth point in the motion, it was sustained in part and overruled as to part, as follows : That said plaintiff state in its petition the date or dates of the act or acts of the legislature of the state of Connecticut under which said plaintiff claims its corporate existence, and give the book, chapter and page of the laws of the state of Connecticut where the same may be found. As to the other parts of the said sixth point, the same was overruled, and afterward the plaintiff complied with the order of the court by amending its petition. On the 18th day of January, 1890, Lucy Bain, one of the defendants, filed a demurrer to the plaintiff's amended petition, setting up two causes of demurrer : (1) That the plaintiff had no legal capacity to sue ; (2) that the petition does not state facts sufficient to constitute a cause of action. On the 21st day of February, 1890, the demurrer of Lucy Bain was overruled, and on the 26th of February she filed her answer to the amended petition. The first defense was a general denial ;

for the second, she alleges that she was the owner in fee simple and in the quiet possession of the real estate described in plaintiff's petition and the mortgage. On the 30th day of June, 1890, the case was tried before the court without a jury, and resulted in a judgment for the Connecticut Mutual Life Insurance Company against Robert Martin for the sum of $1,229 and a decree of foreclosure of the mortgage, and also for a judgment in favor of Tressler & Lowery against Robert Martin for the sum of $165, which amount was decreed a second lien on the mortgaged premises. Lucy Bain excepted to the judgment and decree of the court, and on the 1st day of July filed a motion for a new trial, which was on the same day overruled, and exceptions taken. She was given 90 days' time in which to make and serve a case for the supreme court, and the plaintiff was to have 20 days thereafter to suggest amendments thereto, and the case was to be signed and settled by the court within 125 days from the rendition of the judgment. Case was made and served on counsel for plaintiff below on the 23d day of September, 1890. It was signed by the judge of the district court on the 5th day of January, 1891. On February 12, 1891, the petition with case made attached was filed in the office of the clerk of the supreme court, and on the 14th day of February, 1891, summons in error was served on the Connecticut Mutual Life Insurance Company, and on the 11th day of April was served on Tressler & Lowery. No summons in error was ever served on Robert Martin, John L. Butler, or Calvin Hood.

The defendant in error Calvin Hood, as assignee of the Connecticut Mutual Life Insurance Company, files his motion, appears in said case, and asks the court to dismiss the case for the reason that none of the parties

who were and are necessary parties to any proceeding to reverse that judgment are made parties here by bringing them into this court, either by service of summons or entry of appearance ; and more than one year having elapsed since the trial of said case, the parties cannot now be brought into this court. Plaintiff in error contends that this is not a joint judgment ; that it is clearly separated into two parts ; that Robert Martin alone is affected by the first, and plaintiff in error alone by the second part. The first is a personal judgment against Martin alone, and the second judgment is a foreclosure and sale, and does not affect Martin, for the reason that it is neither alleged, proved nor claimed that he has any interest in the land to be foreclosed and sold, but, on the contrary, admits that he has none. It is only the last part of this judgment that the plaintiff in error is asking to have reviewed.

In this proposition we cannot concur. It is alleged in the petition of the plaintiff below that Robert Martin executed and delivered his mortgage deed to the land described therein. A copy of the mortgage is attached to the petition and made a part thereof ; and the mortgagor expressly covenants and agrees that, at the delivery thereof, he is the lawful owner of the premises granted, and is seized of a good and indefeasible estate of inheritance therein, free and clear of all incumbrances ; this being an allegation in the petition of the plaintiff which is in no manner denied by the answer of the defendant Lucy Bain. In the second paragraph of her answer, she says that she is the owner in fee simple and in the quiet possession of the real estate described in plaintiff's petition and the mortgage ; but this allegation is made at the time she filed her answer, on the 26th of February, 1890, and refers to that time only. It is nowhere alleged that

she was the owner of the property and in the possession of it at the time of the execution of the mortgage by Robert Martin to the Connecticut Mutual Life Insurance Company.   So, taking the mortgage as a part of the petition, and the allegation in Lucy Bain's answer that she was the owner in fee simple on the 26th of February, 1890, leads us to conclude that she obtained her right and interest in the land subsequently to the execution of the mortgage.

Lucy Bain did not predicate her defense on the ground that the land described in the mortgage belonged to her at the date of the mortgage, and, by reason of the execution of the mortgage by Robert Martin, did not create a lien on the property.   She denied the delivery of the note and mortgage in her answer, and objected to the introduction of the note and mortgage in evidence.   She was seeking to defeat a recovery on the note as well as to defeat the foreclosure of the mortgage.   The judgment sought to be reviewed and reversed is joint, and its provisions and conditions are so dependent that it cannot be reversed or disturbed without affecting the rights and interests of Robert Martin, and Calvin Hood, assignee of the plaintiff below.

It is true that Robert Martin and Calvin Hood did did not appear in the court below and contest the right of the insurance company to recover on the note and mortgage, as alleged in its petition.   They admitted, by their failure to appear and answer, the execution of the note and mortgage to secure the payment of the money, and were willing that judgment should be taken on the note, decree of foreclosure of the mortgage, and for the sale of the land to satisfy the judgment.   While the answer of Lucy Bain in no manner would be in conflict with his right, in case of

a judgment rendered in favor of the insurance company to have the mortgaged premises sold to satisfy any judgment that would be rendered on the mortgage, if the court should now in reviewing this case reverse the judgment as to the decree of foreclosure and affirm the judgment against Robert Martin for $1,229 on said note, it certainly would be doing him great injustice. There is more involved than the mere question of the judgment against Robert Martin for the payment of the note sued on in the court below. A reversal would necessarily affect the interest of Robert Martin and Calvin Hood. The supreme court of this state has held in a number of cases that the absence of a party to a judgment who will necessarily be affected by modification or reversal defeats the jurisdiction of the court, and there can be no review of any part of the judgment. (*Loan Co. v. Lumber Co.*, 53 Kan. 677; *McPherson v. Storch*, 49 id. 313; *Paper Co. v. Hentig*, 31 id. 322; *Paving Co. v. Botsford*, 50 id. 331.)

The failure to bring into this court the necessary parties compels us to allow the motion to dismiss; but, however, we have carefully examined the other questions raised in this case, and are satisfied that the overruling of the motion as to the points presented to require plaintiff to make its petition more definite and certain, and the overruling of the demurrer to the amended petition, and the objections to the testimony and other exceptions taken were proper, and that no error was committed in these rulings of the court.

The absence of the necessary parties, however, compels a dismissal of these proceedings in this court.

All the Judges concurring.