THE HYDE PARK INVESTMENT COMPANY v. THE FIRST NATIONAL BANK OF ATCHISON.

No. 7586.

1. PROCEEDING IN ERROR—*Absence of Party.* The absence of a party from a proceeding in error who may be prejudicially affected by a modification or reversal of a judgment defeats the jurisdiction of the supreme court, and prevents a review of any of the rulings made in the cause.

2. DEATH OF NECESSARY PARTY—*Application to Revive Judgment.* Several years after the proceedings in error were instituted, a necessary party who was not brought into the proceedings died, and shortly afterward the heirs of the deceased party and the administrator of his estate applied to the supreme court to revive the judgment rendered by the district court in favor of the deceased, but did not ask to revive the proceedings in error in the supreme court. *Held,* That the application should have been made in the district court, and that it did not cure the defect of parties in the supreme court.

*Error from Atchison District Court.*

ACTION by The First National Bank of Atchison against The Hyde Park Investment Company and others. Trial before Hon. B. P. Waggener, judge *pro tem.* Judgment was rendered against the defendant company. It brings error against the bank, which has also filed a cross-petition against defendant King. The facts appear in the opinion, filed November 9, 1895.

4—56 KAS.

*Seneca Heath*, and *Henry Elliston*, for plaintiff in error and defendant King.

*B. F. Hudson*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: In 1887 Jesse C. Crall owned about 17½ acres of land near the city of Atchison, which he sold to Samuel C. King for $17,000. The purchase was made by King for a syndicate of 15 persons, but the deed from Crall was taken and held in King's name until the persons composing the syndicate had organized themselves into a corporation. Crall took two shares in the purchase of $1,000 each, leaving $15,000 due to him upon the land, one-half of which was paid when the deed from Crall was executed, and for the balance King executed a note or paper promising to pay $7,500 one year after date out of the proceeds of the sale of the land only, without any personal liability on his part, with interest thereon from date at the rate of 8 per cent. per annum. At the same time he executed a mortgage upon the land to secure the payment of the debt according to the terms of the note or paper above mentioned. Soon afterward the persons composing the syndicate for whom the land was purchased and held by King organized a corporation called "The Hyde Park Investment Company," and the land was then conveyed to the corporation by King. Shortly afterward Crall borrowed about $4,000 from the First National Bank of Atchison, and to secure the payment of the same transferred to the bank the note and mortgage executed by King. Neither of the debts mentioned was paid when it became due, and the bank brought an action on the note executed by King and assigned to it by Crall, asking a personal judgment

against both King and Crall.    The Hyde Park Invest-
ment Company was made a party because it claimed
an interest in the mortgaged property, and the bank
also asked a foreclosure of the mortgage.    Crall an-
swered, admitting the indorsement and transfer of the
note and mortgage, and alleging that they had been
transferred only as collateral security 'for a personal
loan from the bank of $4,030, and that, when the King
note and mortgage were collected, his debt to the bank
should be first paid out of the proceeds, and the bal-
ance of the proceeds remaining after paying that debt
should be paid to him.    King answered that in the
sale of the land he only acted in the capacity of agent
or trustee, and that he did not become personally lia-
ble for the payment of the debt in suit.    The Hyde
Park Investment Company answered that it had be-
come vested with all the title and interest which King
ever had in the land, and denied all the other aver-
ments of the petition.    At the end of the trial, and
after the court had found that King and Crall were
not liable to the bank for the debt, and that The
Hyde Park Investment Company was liable for the
amount of the same, the bank, with the permis-
sion of the court, filed an amended petition, with a
view of making its pleading conform to the proofs,
alleging that an agreement respecting the sale of the
land had been made prior to the execution of the
written papers, and that it was the binding one, and
also that the investment company had assumed the
obligation for the balance of the purchase-price of the
land.    Judgment was given to the bank against the
investment company for the full amount of the debt,
and a foreclosure of the mortgage was decreed, while
King and Crall were allowed to go thence without
day, and to recover their costs.    The Hyde Park In-
vestment Company brought the case to this court,

making only the First National Bank of Atchison a defendant in error. The bank filed a cross-petition in error against Samuel C. King, seeking for a modification of the judgment, in which it asks that a personal judgment be ordered against Samuel C. King as well as against the investment company. Crall was not served with summons in error, nor otherwise made a party in the proceedings in error in this court, and it appears that he died about three years after the proceeding was begun. A motion is now made to dismiss the proceeding because of the absence of Crall.

We think his presence was necessary to a review and the final determination of the controversy. In his answer he claimed that the note upon which the bank brought its action had been transferred to it merely as collateral security, and he contended that he was entitled to the balance that remained after his debt to the bank was discharged. It is true that this relief was not granted to him, and that he took no exceptions nor did he file any cross-petition in error; and it is argued that Crall or his representatives could not be affected in any way by a decision of this court. Crall may have been satisfied with the judgment as it was given, but might not have been if no personal judgment had been awarded against the investment company. King has been relieved from personal liability, and if, upon a review, the investment company should be held not to be liable, then the bank must look alone to the mortgaged land and to the estate of Crall for the payment of its debt. If the proceeds of the sale of the land proved to be insufficient to pay the debt of the bank, the burden of the balance must fall upon the Crall estate. It may have been that, at the time the judgment was rendered, the land was worth only a fraction of the debt due

to the bank, and yet Crall may have regarded the judgment against the investment company to have been ample security for any contingent liability against him, and for that reason took no steps to secure a reversal. If King and the investment company were both finally relieved from personal liability, and the land is not worth more than one-half of the Crall debt, it is not difficult to see that the Crall estate may be interested in the review. The rule is, that the absence of a party to a judgment who may be prejudicially affected by a modification or reversal is sufficient to defeat the jurisdiction of this court, and there can be no review of any part of the judgment. ( *Land Co. v. Lumber Co.*, 53 Kan. 677, and cases cited.)

1. Proceeding in error—absence of party.

It is contended that Crall's heirs and the representatives of his estate have by their own action become parties to the proceeding, and for that reason the motion should not be allowed. In February, 1895, about five years after the rendition of judgment and nearly one year after the death of Crall, the heirs and representatives presented a motion to revive the judgment rendered by the district court in favor of Jesse C. Crall in their names, and there being no opposition the motion was allowed. No application was made, however, to revive the proceeding in error, and the heirs and representatives did not seek to be made parties for any other purpose than for a revivor of the judgment. This court had ample authority to revive the proceeding in error in the name of the heirs and personal representatives, but the application to revive the judgment should have been presented to the district court.

2. Death of necessary party—application to revive judgment.

No relief was asked for or against Crall in the petition in error or in the cross-petition in error;

and, as he was in no sense a party at the time the application to revive the judgment was made, that application did not operate to make them parties to this proceeding nor to give the court jurisdiction to revive the cause.

The proceedings in error will be dismissed.

All the Justices concurring.