ANGELL MATTHEWSON v. J. L. SENIOR *et al.*

NO. 47.

JURISDICTION—*Courts of Appeals—Parties.* Where a judgment against several parties is brought to this court for review, and it is apparent that a modification or reversal thereof will affect other parties not made parties to the proceeding for a review, the court cannot entertain the case, and it will be dismissed. (*Bain v. Conn. M. Life Ins. Co.* [post], 40 Pac. Rep. 817.)

MEMORANDUM.—Error from Coffey district court; CHARLES B. GRAVES, judge. Action by R. S. Covell

against J. L. Senior and others to foreclose a mortgage. For review of a judgment in favor of· J. L. Senior and R. E. Fisher, Angell Matthewson, one of the defendants, brings the case to this court. Dismissed. The opinion herein, filed December 4, 1895, states the material facts.·

Webb & Caldwell, for plaintiff in error.

G. E. Manchester, for defendants in error.

The opinion of the court was delivered by

COLE, J.: On July 22, 1890, R. S. Covell brought an action in the district court of Coffey county upon a certain promissory note, and for the foreclosure of a mortgage upon certain real estate situated in said county. The petition in said case named as defendants Thomas and Eliza J. Williams, J. L. Senior, Henry McFadden, and Angell Matthewson & Co., and alleged that the note and mortgage sued upon were executed and delivered by the defendants Williams to Angell Matthewson, who had transferred the same to the plaintiff. The petition further alleged, that the defendants Senior, McFadden and Angell Matthewson & Co. claimed some interest in the premises, and that whatever such interest was it was junior and inferior to that of the plaintiff, and asked for a personal judgment against the defendants the Williamses and a foreclosure as to all defendants.

The defendant Senior filed his answer and crosspetition in said cause, alleging that on the 5th day of December, 1887, his codefendants executed and delivered to the firm of Fisher & Senior their certain note and mortgage for $124.90, which said mortgage was given upon·the same real estate described in plaintiff's petition ; that said note and mortgage were the

property of the firm of Fisher & Senior, and asked that said Fisher be made a party to the action. The cross-petition further alleged, that after the execution and delivery of said mortgage to Fisher & Senior the defendants the Williamses conveyed said premises to B. R. Van Meter, who, as a part of the purchase price, assumed and agreed to pay said mortgage, and that the said Van Meter afterward conveyed said premises to Angell Matthewson, who also assumed and agreed to pay said mortgage, and asked that said Van Meter be made a party to this action, and for a personal judgment in favor of Fisher & Senior against the defendants the Williamses, Matthewson, and Van Meter, and a foreclosure as to all defendants.

The defendants the Williamses also filed an answer and cross-petition, setting up the same state of facts as to the sale to Van Meter and Matthewson and the assumption by said parties of the mortgage in question. The defendant Matthewson filed separate answers to the cross-petitions of Senior and the Williamses denying the assumption of said mortgage, as did also the defendant Van Meter, and, the plaintiff having filed a reply denying said allegations contained in the answer and cross-petitions of the Williamses and Senior, the issues were thus fully joined, and the cause came on for trial, both Fisher and Van Meter having been made parties by the trial court.

The court, having heard the evidence, rendered judgment in favor of plaintiff for the amount of the note and interest sued for by plaintiff, and decreed said amount to be a first lien upon the premises described in plaintiff's mortgage and petition, but no personal judgment upon said indebtedness was rendered against the defendants the Williamses. The court also rendered judgment in favor of Fisher & Sen-

ior, as against the defendants Matthewson and the Williamses, for the amount due upon the second note and mortgage, and decreed said mortgage to Fisher & Senior to be a second lien upon the premises described in the petition ; and further ordered that said real estate be sold according to law, and the proceeds applied first to the payment of costs, then to the debt due to the plaintiff, and the residue, if any, to Fisher & Senior, and any remainder to Angell Matthewson. The court further decreed, that if the proceeds of such sale should be insufficient to satisfy the judgment in favor of Fisher & Senior they have execution, first, against the property of Matthewson, and, in case said debt could not be made out of the property of Matthewson, then that said Fisher & Senior have execution against the property of the defendants the Williamses. For review of this order and judgment in favor of Fisher & Senior the defendant Angell Matthewson brings the case to this court.

Our attention is first directed to a jurisdictional question by a motion to dismiss, filed by the defendants in error, based upon the ground that all the parties who were and are necessary parties to any proceeding to reverse the judgment complained of have not been brought into this court either by service of summons or by entry of appearance. The only parties who have been made defendants in this court are Fisher & Senior. The judgment complained of was rendered in favor of Fisher & Senior and against Matthewson and the Williamses. Certainly defendants the Williamses are interested to the same extent as Matthewson in a reversal of this judgment, for, under the decree, if the judgment should be here reversed as to Matthewson, it would still remain in force as to them. We consider the case clearly within

the decisions in *Norton v. Wood*, 55 Kan. 559, and *Bain v. Conn. M. Life Ins. Co.* (post), 40 Pac. Rep. 817. The facts in the case of *Norton v. Wood* were almost identical with the facts in this case, so far as the differences which are here complained of are concerned. In that case, Wood brought an action against Norton and William and Henry Muff to recover judgment upon the promissory note executed by William Muff in favor of Wood, and to foreclose a mortgage on real estate given to secure the same, and the petition alleged that, after the execution of the note and mortgage, William Muff conveyed the land to Norton and Henry Muff, who assumed and agreed to pay said mortgage. Henry Muff was not served, and judgment was rendered against Norton and William Muff, who would stand in the same relation to each other as Williams and wife do in this case to Matthewson. Norton presented his petition in error to the supreme court for review against Wood alone, and, a motion being interposed to dismiss because William Muff was not made a party, the same was sustained. In that case the court says :

"The judgment against Norton and William Muff is joint. If, after the sale of the mortgaged property, a balance should remain unpaid, a general execution might be taken out against both for the collection of the residue. . . . If we were to reverse the personal judgment and Norton should be relieved from it, the whole weight of the residue would be cast upon William Muff. We cannot so shift the burden upon the latter in his absence. A condition precedent to such a change of responsibility by order of this court is that he be brought into it as a party in due time."

In this case, should this court reverse the judgment in favor of Fisher & Senior against Matthewson it would still stand as against Williams and wife ; they

are therefore necessarily affected by a reversal of said judgment in this court. The same doctrine as is stated in *Norton v. Wood* is also laid down in *Bain v. Conn. M. Life Ins. Co.*, supra.

We have necessarily examined the whole record in this case, and if it were before us in such a condition as to challenge a review we would be compelled to say that the court committed no error in permitting oral testimony to prove the assumption of the mortgage ; that as the record, outside of the certificate of the judge, nowhere contains a statement that it contains all the evidence introduced in the trial of the case, it is insufficient to present to this court the question that the judgment is not sustained by sufficient evidence (*Lebold v. Ottawa Co. Bank*, 51 Kan. 381), and that the judgment is contrary to law.

However, the petition in error must be dismissed for want of a necessary party.

All the Judges concurring.