## The Long-Bell Lumber Company v. E. D. Haines *et al.*

### No. 53.

Courts of Appeals—*Necessary Parties.* Where a judgment against several parties is brought into the courts of appeals for review, and it is apparent that a modification or reversal thereof will prejudicially affect other parties not made parties to the proceedings for a review, the court cannot entertain the case, and it will be dismissed. (*Bain v. Conn. M. Life Ins. Co.* [post], 40 Pac. Rep. 817.)

MEMORANDUM.—Error from Crawford district court; S. H. ALLEN, judge. Action by E. D. Haines and Joseph T. Murtaugh, partners as E. D. Haines & Co., against The Long-Bell Lumber Company and others to reform and foreclose a trust deed. Judgment for plaintiffs. Defendant lumber company brings the case to this court. Dismissed. The opinion herein, filed June 2, 1896, states the material facts.

*W. R. Cowley,* for plaintiff in error.

*Fuller & Whitcomb,* for defendants in error.

The opinion of the court was delivered by

COLE, J.: This was an action brought by the defendants in error to reform a deed and trust deed and foreclose said trust deed. The deed in question was given by Isaac McCune and wife to Isaac McKibben, and the trust deed was given by McKibben and wife to the defendants in error. In the district court, McKibben and wife, McCune and wife, George M. Noble, and Timothy B. Sweet, trustee, were made defendants, as well as the plaintiff in error, and a judgment was rendered in favor of defendants in error reforming said deed and trust deed, and foreclosing the trust deed as against all parties, and also a personal judgment against Mc-

Kibben and wife upon the notes secured by the trust deed. From the judgment of the district court the plaintiffs in error bring the case here for review.

A question of jurisdiction is first presented to us, arising out of the fact that the only parties who are made defendants in this court are E. D. Haines and Joseph T. Murtaugh, partners, doing business as E. D. Haines & Co. It is contended by the defendants in error that McKibben and wife, McCune and wife, George M. Noble, and Timothy B. Sweet, trustee, are necessary parties to determine this action. So far as the original defendants, Sweet, trustee, and Noble are concerned we do not consider the position as well taken, for, in our opinion, neither was a necessary party to the original action in the district court; but we do believe that McCune and wife and McKibben and wife should have been brought into this court for a final determination of their rights. The deed which defendants in error sought to have reformed was given by McCune and wife, while the trust deed was given by McKibben and wife. In a proceeding to correct a misdescription of the premises running through several conveyances, the grantors in each and every conveyance containing such alleged misdescription should be made parties to the action. It was therefore necessary to make McCune and wife, who made the deed to McKibben in which the first alleged misdescription occurred, parties in the district court.

It is contended by plaintiff in error that, as the record discloses that McCune and wife had conveyed to the plaintiff in error by a quitclaim deed all interest in the premises sought to be reached by a correction of the deed and trust deed, they were not necessary parties, either in the lower court or in this court. But the judgment rendered by the district court passes

upon the rights of McCune and wife, and reforms the deed given by them to McKibben, and while it is true that the controversy in this case between the plaintiff and defendants in error is, in one sense, a separate one, yet should the judgment be reversed as to that controversy, it would still remain in force so far as the reformation of the deed from McCune to McKibben is concerned. And if that deed was correctly reformed there can be no doubt upon the record in the case as to the rights of the defendants in error. It will not be contended but that McKibben and wife were necessary parties in the lower court, and a personal judgment was rendered against each of them for the full amount of the claim of defendants in error, and, if this court should reverse the judgment in this case without having McKibben and wife before it, that personal judgment would still remain against them to their prejudice, for the reason that the real estate which they claim they intended to pledge for the payment of the indebtedness to the defendants in error would not be held to answer therefor.

It follows from what has been said in this case that all of the parties affected by this judgment have not been made parties in this court, and, such being the case, this court cannot entertain this action, and it must be dismissed. (*Bain v. Conn. M. Life Ins. Co.* [post], 40 Pac. Rep. 817; *Matthewson v. Senior*, ante, p. 117, 42 Pac. Rep. 827; *Norton v. Wood*, 55 Kan. 559.)

We have, however, carefully examined the record in this case, and are of the opinion that, if the cause was properly before us, the judgment would have to be affirmed, but, for the reasons above stated, the action is dismissed.

All the Judges concurring.