### JOHN ·C. SHERIDAN v. ELIAS J. SNYDER *et al.*
#### No. 115.

1. CASE MADE—*Service.* Where there has been no service of the case made on one of the parties to a judgment who will be necessarily affected by a modification or reversal thereof, the case made is a nullity.

2. ———— *Notice of Settlement.* Where no notice of the time of settlement of the case made has been given to one of the parties to a judgment, and there was no appearance on the part of the party not notified, *held*, that the petition in error must be dismissed.

3. COURTS OF APPEALS—*Parties.* Where a judgment against several parties is brought into the courts of appeals for reversal, and it is apparent that a reversal thereof will affect another party not made a party to the proceedings for review, the court has no jurisdiction to entertain the case, and the petition in error will be dismissed.

MEMORANDUM.—Error from Miami district court; ·JOHN T. BURRIS, judge. Action by John C. Sheridan against Elias J. Snyder and others for partition and other relief. Judgment for defendants. Plaintiff brings the case to this court. Dismissed. The opinion herein, filed July 13, 1896, states the material facts.

*John C. Sheridan*, plaintiff in error, for himself.
*Sperry Baker*, for defendants in error.

The opinion of the court was delivered by

JOHNSON, P. J.: On the 25th day of April, 1894, John C. Sheridan commenced this action in the district court of Miami county, Kansas, against Elias J. Snyder, F. C. Snyder, and Daniel G. Prugh. The plaintiff in his petition claimed to be the owner of five thirty-second parts of the southwest quarter of section 15, township 18, range 22, in Miami county, Kansas, and that Elias J. Snyder was the owner of the other twenty-seven thirty-seconds thereof, subject to a certain mortgage of $400 given thereon to Daniel G. Prugh, and prayed for partition accordingly, and that the mortgage of Prugh be held to be no lien on the five thirty-second parts thereof which were owned by plaintiff. Afterward Elias J. Snyder and F. C. Snyder filed their separate answer, which alleged, first, a general denial; second, that Elias J. Snyder was the absolute owner of the whole of said land; third, that Elias J. Snyder and his grantors had been in the actual, exclusive and open possession and occupancy of said land and every part thereof for more than 15 years before the commencement of this action, which occupancy was exclusive, and adverse to the plaintiff, and is claimed under an absolute title; that during this occupancy he had made valuable and lasting improvements thereon, and had paid all taxes on said land. Daniel G. Prugh filed a separate answer, denying the ownership of plaintiff to any part of the lands, and setting up and claiming a lien on the entire tract of land by virtue of a mortgage, which was unpaid and was a valid lien upon the whole tract of said land.

Plaintiff's reply was a general denial. The parties

waived a trial of the issues by a jury; and the case was submitted to the court, and resulted in a judgment in favor of the defendants. Plaintiff filed a motion for a new trial, which was overruled and exception taken. Plaintiff was given time in which to make and serve a case for the supreme court, and now brings the matter here for review.

The case made was never served on Daniel G. Prugh, nor was he notified of the time and place that said case would be presented for settlement. He is not brought into this court by service of summons or by voluntary appearance, and we are confronted at the very threshold of this case with the objection that this court cannot review this case, and that for want of necessary and proper parties it has no jurisdiction. The supreme court of this state, as well as the courts of appeals, has held in a number of cases that the absence of a party to a judgment who will be necessarily affected by a reversal or modification thereof defeats the jurisdiction of the court, and there can be no review of any such judgment. (*Loan Co. v. Lumber Co.*, 53 Kan. 677 ; *McPherson v. Storch*, 49 id. 313 ; *Paper Co. v. Hentig*, 31 id. 322 ; *Paving Co. v. Botsford*, 50 id. 331 ; *Bain v. Conn. M. Life Ins. Co.*, 3 Kan. App. 346.)

Where a case made is not served on one of the parties to the judgment, and is settled without notice to him, it is a nullity. This case made not being served on Daniel G. Prugh, and no notice being given to him of the settlement of the case, and he not being brought into this court, either by service of summons or by voluntary appearance, this court cannot review the errors complained of and reverse or modify the same.

The petition in error is dismissed at plaintiff's cost.

All the Judges concurring.