MAGGIE P. REIGHART v. ELLA N. HARRIS.
No. 230.

1. APPELLATE PROCEDURE — *garnishee holding fund as custodian not necessary party.* A garnishee who has, by stipulation in the case, been released from the liability of having a judgment rendered against him, and has been converted by such stipulation into a mere stakeholder or custodian of funds, holding them subject to the order of the court, is not a necessary party to a petition in error to review an order discharging such funds so held by such garnishee from the lien of said garnishment.

2. APPELLATE JURISDICTION — *court has, to review order in provisional remedy.* This court has jurisdiction to review an order discharging funds garnished in a cause, upon a petition in error filed before final judgment in such cause and while such cause is yet pending in the trial court for trial upon the merits between the plaintiff and defendant, under § 542 of the Code.

Error from Geary District Court. Opinion filed June 16, 1897. *Motion to dismiss denied.*

No briefs on file for either party. .

MAHAN, P. J. This is a petition in error for the purpose of reviewing an order of the District Court of Geary County discharging a certain fund garnished, upon the ground that the fund was exempted by the statute.

The first reason assigned why the petition in error should be dismissed is that all of the necessary parties are not before the court. An examination of the record shows that the garnishee has no interest in this controversy. No judgment was or is to be entered against the garnishee. By stipulation of the parties, the garnishee now holds the fund simply as the custodian of the court, subject to its order. If the order of the court discharging the garnishee is correct, the money is to be paid to the defendant in error; if the order is reversed, and if it should finally be determined

462    REIGHART v. HARRIS.

N. Dept.          Opinion.   Mahan, P. J.          5 Kan. App.

that the fund was not exempt from seizure upon garnishment proceedings, then the money is to be paid to the plaintiff in error. A reversal of the order in this case could not in any sense affect the rights of the bank, garnishee. The entire controversy is between the plaintiff in error and defendant in error, hence there is no merit in the first ground. The second ground is the same.

The third ground assigned as a reason why the petition in error should be dismissed is that the record is insufficient. The case comes here upon a transcript of the record, including bill of exceptions, disclosing the proceedings of the court. It appears to be a complete transcript of the proceedings and is sufficient. Hence, there is no merit in the third ground.

The fourth ground is that an order discharging funds in the hands of a garnishee, entered in the district court prior to the determination of the merits of the action to which the garnishment is ancillary, is not such an order as can be reviewed upon appeal, while such action is still pending, untried, in the district court. Section 542 of the Code defines the jurisdiction of the Supreme Court and the jurisdiction of this court. Whatever orders the Supreme Court may review, this court may review if the amount involved brings it within its jurisdiction. Paragraph 4641 General Statutes of 1889, provides that the Supreme Court may reverse, vacate or modify an order of a district court that discharges, vacates or modifies a provisional remedy. An order discharging funds garnished in a case is an order modifying a provisional remedy and is reviewable under the provisions of the section cited.

The motion is denied.