GEORGE TUTHILL v. HATTIE M. MOULTON *et al.*

**No. 372.**    ( 58 Pac. 1031.)

PRACTICE, COURTS OF APPEALS—*Necessary Parties—Garnishees.*
    Garnishees, under the provisions of chapter 151, Laws of 1889
    (Gen. Stat. 1897, ch. 95, §§ 227-246; Gen. Stat. 1899, §§ 4450-
    4473), are necessary parties to proceedings in error the object of
    which is to reverse a judgment discharging them as such gar-
    nishees from liability to the plaintiff in the case.

Error from Mitchell district court; R. M. PICKLER,
judge.    Opinion filed November 4, 1899.    Dismissed.

*C. M. Higley*, for plaintiff in error.

*D. M. Thorp*, and *J. W. Tucker*, for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J. : In a suit by Tuthill against Moulton
to recover money upon a promissory note and upon
an account, Mayer, Spirit Spring Lodge No. 159, I.
O. O. F., and Cawker City Lodge No. 41, A. O. U. W.,
were garnishees, under the provisions of chapter 151,
Laws of 1889 (Gen. Stat. 1899, §§ 4450-4473).    By
this proceeding Tuthill, the plaintiff below, seeks to
have reversed a judgment discharging said garnishees
from liability to him as such.    They were not served
with a copy of the case-made or with notice of its
settlement, as required by the order of the court, nor
are they parties to this proceeding.    The defendant in
error Hattie M. Moulton moves the court to dismiss
the petition in error for these reasons.

In *Mortgage Co. v. Lowe*, 53 Kan. 39, 35 Pac. 829, the
supreme court said : "Where a judgment cannot be
disturbed or reversed without affecting all of the de-
fendants in the court below, all of such defendants
must be made parties in the supreme court upon pro-

Tuthill v. Moulton.

ceedings in error, to have the case disposed of upon its merits." In *Loan Co. v. Lumber Co.*, 53 Kan. 677, 37 Pac. 132, the court said : "Where a judgment against several defendants is brought up to the supreme court for review, and it appears that a modification or reversal will affect a defendant who has not been made a party, the proceedings in error will be dismissed." In *Investment Co. v. National Bank*, 56 Kan. 49, 42 Pac. 321, the supreme court said : "The absence of a party from a proceeding in error who may be prejudicially affected by a modification or reversal of a judgment defeats the jurisdiction of the supreme court and prevents a review of any of the rulings made in the cause." To the same effect are *Pierce v. Downey*, 56 Kan. 250, 43 Pac. 223 ; *Mathewson v. Senior*, 3 Kan. App. 117, 42 Pac. 827 ; *Lumber Co. v. Haines*, 3 id. 316, 45 Pac. 97 ; *Bain v. Conn. M. Life Ins. Co.*, 3 id. 346, 40 Pac. 817 ; *Walker v. Blount*, 5 id. 610, 49 Pac. 98.

It does not need elucidation by argument or illustration by authority to maintain that the reversal of a judgment discharging garnishees from obligation as such, under the act of 1889, will prejudicially affect their interests. The purpose is to obtain a judgment against them under the provisions of that act. They are parties to the cause, under the provisions of the act, and necessary parties in this court to give it jurisdiction to review the judgment.

The petition in error is dismissed.