Richardson v. Thompson.

WILLIAM RICHARDSON V. FRANK THOMPSON, EXECUTOR, ET AL.

FILED NOVEMBER 23, 1899.    No. 10,622.

Proceeding in Error: PARTIES: DISMISSAL. All the parties to a joint judgment, or who may be affected by the modification or reversal thereof, must be made parties in this court upon proceeding in error, and a failure to do so is a ground for dismissal, if the objection is seasonably made.

ERROR from the district court of Douglas county. Tried below before SCOTT, J. Heard on motion to dismiss the proceeding in error. *Motion sustained.*

*W. T. Nelson* and *Rush J. Thomson*, for the motion.

*McCabe, McGilton & Rath* and *McGilton & Herring*, contra.

NORVAL, J.

This is a motion to dismiss the petition in error because, while Boswell R. Wiles and Elizabeth E. Wiles, defendants in the court below, were made defendants in error, no summons in error has been served upon either of them. The suit was instituted in the district

court by Frank Thompson, executor, and Joe R. Lane, administrator with the will annexed of James Thomson, deceased, to foreclose a mortgage executed by Boswell R. and Elizabeth E. Wiles. William Richardson was also made a defendant, who filed a cross-petition praying the foreclosure of a tax-sale certificate upon the mortgaged premises. A general demurrer to the cross-petition was interposed by the plaintiffs, and the cross-petition dismissed. William Richardson prosecuted error to this court, making all the other parties to the suit in the district court defendants in error herein; but no summons in error has been served on either of the Wiles, nor have they made a voluntary appearance in this court.

We have repeatedly held that in an error proceeding all the parties to a joint judgment must be made parties, either plaintiff or defendants in error, and if not, the petition in error will be dismissed when the objection is seasonably made. See *Wolf v. Murphy*, 21 Nebr., 472; *Hendrickson v. Sullivan*, 28 Nebr., 790; *Curten v. Atkinson*, 29 Nebr., 612, 36 Nebr., 110; *Consaul v. Sheldon*, 35 Nebr., 247; *Andres v. Kridler*, 42 Nebr., 784; *Polk v. Covell*, 43 Nebr., 884; *Farney v. Hamilton County*, 54 Nebr., 797. As we understand the doctrine of the cases, it is that all parties to a cause in the trial court who may be affected by the modification or reversal of the judgment must be made parties to the proceeding to review said cause. If one can not be affected by the error proceeding, he need not be made a party, although a party to the record in the court below (*Kuhl v. Pierce County*, 44 Nebr., 584), and this doctrine is abundantly sustained by the authorities.

*Hunderlock v. Dundee Mortgage & Trust Investment Co.*, 88 Ind., 139, was a suit to foreclose a real estate mortgage, the mortgagors and prior mortgagee being made defendants. A decree of foreclosure was entered, a personal judgment was rendered against the mortgagors, and the lien of plaintiff was made junior to the lien of a prior mortgage. Plaintiff appealed, without making the

mortgagors parties to the appeal. On motion of the appellee, the prior incumbrancer, the appeal was dismissed because the mortgagors were not made parties to the appeal, the court holding that all parties to the judgment below affected thereby must be made parties to the appeal, or the appeal will be dismissed when the question is seasonably made upon the omission. To the same effect are *State v. East,* 88 Ind., 602; *Garside v. Wolf,* 135 Ind., 42; Elliott, Appellate Procedure, 138; *Equitable Mortgage Co. v. Lowe,* 53 Kan., 39; *Central Kansas Loan & Investment Co. v. Chicago Lumber Co.,* 53 Kan., 677; *Hyde Park Investment Co. v. First Nat. Bank,* 56 Kan., 49. There can be no doubt that Boswell R. Wiles and Elizabeth E. Wiles might be prejudicially affected by a reversal of the judgment. Richardson, by his cross-petition, sought to establish a tax lien upon their property; and a reversal of the judgment might lead to the establishing of a lien for taxes, which was denied by the trial court. The dismissal of the cross-petition was a judgment in favor of Boswell R. and Elizabeth E. Wiles, as well as in behalf of the plaintiffs below. As the record discloses that two of the parties who may be affected by the reversal of the judgment have not been served with process, nor made their appearance in this court, and as it is now too late to bring them into court, more than a year having elapsed since the rendition of the judgment sought to be reviewed, the petition in error is

DISMISSED.