No. 36,835

JULIA A. GRANT, *Appellee*, v. LLOYD M. REED (*Alias* Floyd Russell), and CLARENCE E. JONES, *Appellants*.

(179 P. 2d 945)

ROBERT L. NEE SMITH, judge. Opinion filed May 3, 1947.

*Carl I. Winsor*, of Wichita, argued the cause, and *Harlin E. Bond* and *Rupert Teall*, both of Wichita, were with him on the briefs for the appellants.

*R. E. Gilchrist* and *John F. Eberhardt*, both of Wichita, argued the cause, and *A. M. Ebright, P. K. Smith* and *Harold Irwin*, all of Wichita, were with them on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: In an action for the recovery of money accompanied by a garnishment proceeding judgment was rendered against the defendant debtor; and the garnishee, who had filed answer admitting he owed such defendant more than the amount of the judgment, was directed to pay the sum of $716.37 to the clerk of the court in satisfaction of the judgment and costs notwithstanding motions of the defendant and an intervening defendant to discharge the garnishment. The garnishee complied with the court's order. Thereupon, without making the garnishee a party, the judgment debtor and the intervenor each appealed from the portion of the judgment overruling their respective motions. Thereafter the appellee moved to dismiss the appeal on the ground the garnishee is a necessary party to appellate review of the trial court's action on such motions.

While the ultimate question for decision on this appeal will be whether the trial court erred in refusing to discharge the garnishment its determination is not now involved for the present issue is limited to the motion to dismiss the appeal. On that account the facts upon which the controversy depends are of no importance here and no attempt has been made to relate them in detail. What has heretofore been briefly stated is sufficient to present the general proposition of whether in this jurisdiction a garnishee, who has paid money into court pursuant to judicial mandate, is a necessary party to an appeal from a judgment refusing to release the funds so impounded.

Our statute (G. S. 1935, 60-3306) authorizing the taking of appeals to the supreme court by notice filed with the clerk of the trial court provides that a copy of such notice must be personally served on all adverse parties whose rights are sought to be affected by the appeal.

In defining the meaning of the phrase "all adverse parties whose rights are sought to be affected by the appeal," we held in *Protzman v. Palmer,* 155 Kan. 240, 124 P. 2d 455, that:

"An adverse party in a civil action on whom notice of appeal to the supreme court must be served (under G. S. 1935, 60-3306) is a party to the litigation, to whose interest it is that the judgment of the trial court be upheld, and who is interested in opposing the relief sought by appellant." (Syl. ¶ 1.)

We have often held that where a judgment against several defendants is brought to this court for appellate review and it appears that a modification or reversal of the judgment will affect a defendant who has not been made a party the appeal will be dismissed. A few of our many cases to that effect are, *Protzman v. Palmer,* supra; *White v. Central Mutual Ins. Co.,* 149 Kan. 610, 88 P. 2d 1041; *Loan Co. v. Lumber Co.,* 53 Kan. 677, 37 Pac. 132; *Tuthill v. Moulten,* 9 Kan. App. 434, 58 Pac. 1031.

See, also, *Investment Co. v. National Bank,* 56 Kan. 49, 53, 42 Pac. 321, where we said:

"The rule is, that the absence of a party to a judgment who may be prejudicially affected by a modification or reversal is sufficient to defeat the jurisdiction of this court, and there can be no review of any part of the judgment. (*Loan Co. v. Lumber Co.,* 53 Kan. 677, and cases cited.)"

At this point we deem it proper to note the wording of one of the sections of our statute authorizing the maintenance of garnishment proceedings. G. S. 1935, 60-951, reads:

"The proceedings against a garnishee shall be deemed an action by the plaintiff against the garnishee and defendant, as parties defendant, and all the provisions for enforcing judgments shall be applicable thereto; . . ."

That the language appearing in the foregoing quoted section means just what it imports, that a garnishment proceeding is separate and distinct from the main action even when instituted in conjunction therewith, and that the garnishee is a party to the garnishment action, is well established by our decisions (*Cole v. Thacker*, 158 Kan. 242, 146 P. 2d 665; *Stephens College v. Long*, 156 Kan. 449, 451, 134 P. 2d 625).

Appellee in support of its motion to dismiss relies upon but two decisions. They are *Yerkes v. McGuire*, 54 Kan. 614, 38 Pac. 781 and *Stephens College v. Long*, supra. Those cases deal with situations where the garnishee had been discharged and the appeal was from the order of discharge. In each we held that where it is sought to reverse such an order the garnishee must be made a party and that in the event of failure to do so the appeal must be dismissed.

To the same effect, although not cited by appellee as authority, is *Tuthill v. Moulten*, 9 Kan. App. 434, 58 Pac. 1031. Such decision is particularly significant for the reason, that at page 435 in the opinion in commenting upon the legal status of garnishees in a garnishment proceeding, the court said: "They are parties to the cause, under the provisions of the act, and necessary parties in this court to give it jurisdiction to review the judgment."

Appellants concede all our decisions hold the garnishee must be made a party to an appeal from an order discharging him from liability, but insist they are not authority for holding he is a necessary party where it is sought to reverse a judgment upholding the garnishment under circumstances where a garnishee—as in the case at bar—has paid into court the money he admittedly owes the defendant. They point out we have never squarely held that in such a situation the garnishee must be made a party and direct our attention to a statement to be found at page 451 of the opinion of *Stephens College v. Long*, supra, which reads:

"It might, perhaps, be contended that the garnishee would not be a necessary party to an appeal from an order directing him to pay over to the plaintiff funds in his hands belonging to the principal defendant. That would be on the theory that it is no real concern to him whether the plaintiff or defendant prevails and that pending the appeal the funds remain impounded. . . ."

We do not regard the language just quoted as authority for a contention the garnishee is not a necessary party under the cir-

cumstances here involved. The most that can be said for it is that it merely recognizes an argument to be advanced in support of such a contention without any indication as to the weight to be given it if and when presented in a proceeding depending on the present factual situation.

Next appellants rely on *Reighart v. Harris,* 5 Kan. App. 461, 49 Pac. 336, where it was held:

"A garnishee who has, by stipulation in the case, been released from the liability of having a judgment rendered against him, and has been converted by such stipulation into a mere stakeholder or custodian of funds, holding them subject to the order of the court, is not a necessary party to a petition in error to review an order discharging such funds so held by such garnishee from the lien of said garnishment." (Syl. ¶ 1.)

They insist the foregoing decision is to be regarded as decisive of their position and claim the disinterestedness of the garnishee in the outcome of the present appeal is even greater than the disinterestedness of the garnishee there, in that there the garnishee had a stakeholder's interest in the outcome of the appeal, while here the clerk is the stakeholder and the garnishee is out of the case. We do not agree. Their argument, among other things which we need not now relate, entirely overlooks the fact there was a stipulation between all the parties in *Reighart v. Harris,* supra, whereby it was agreed the garnishee was to hold the money for whoever won the lawsuit and was to be entirely absolved of liability regardless of its outcome. We have no such situation here and that case neither adds weight to their argument nor supports their position.

From a somewhat extended examination of our reports we are convinced, as appellants suggest, there are no decisions in this jurisdiction flatly holding a garnishee is a necessary party to appellate review of an order refusing to discharge a garnishment. Even so, that fact does not justify their inference such an individual need not therefore be joined as a party. It simply means that once the question is submitted for appellate review it will be decided in the light of the statute and any decisions having application to its determination. Now the question has been submitted, in line with the intimation to be gleaned from the language heretofore quoted from the opinion in the early case of *Tuthill v. Moulten,* supra, we are inclined to hold the provisions of G. S. 1935, 60-951, and our decisions construing their force and effect require the conclusion that a garnishee, being an essential party to a garnishment proceeding, is a necessary party to a review of that proceeding on appeal.

However, our decision need not be predicated upon that proposition alone. There is another reason, sound in principle, which compels a similar conclusion. This court has always held that even though a garnishee has paid money into court under judicial fiat he is nevertheless liable to the defendant in a suit to recover the money so paid by him to the depository designated in the event that thereafter such funds have been paid out to some person other than the defendant under a void and illegal garnishment judgment. See *Mo. Pac. Rly. Co. v. Sharitt*, 43 Kan. 375, 23 Pac. 430; *Ludvickson v. Bank*, 105 Kan. 225, 182 Pac. 396; *Egnatik v. State Bank*, 114 Kan. 105, 216 Pac. 1100. If a garnishee may become liable to the principal defendant by virtue of the conditions and circumstances just related it necessarily follows that under all our decisions construing the provisions of G. S. 1935, 60-3306, to which we have heretofore referred, the garnishee under the facts of the instant case is one to whose interest it is that the judgment of the trial court be sustained and is therefore a necessary party to appellate review of the orders refusing to discharge the garnishment.

In reaching the conclusion just announced we have not been unaware of G. S. 1935, 60-960, which has been in our statute and a part of the law of this state since 1868 (G. S. 1868, ch. 80, sec. 216). In part that section reads:

"A garnishee may pay the money owing to the defendant by him to the sheriff having the order of attachment or into court. He shall be discharged from liability to the defendant for any money so paid not exceeding the plaintiff's claim. . . ."

Notwithstanding, we point out that the three decisions to which we have last referred were all handed down with such section in full force and effect. The result is it must be regarded as applicable to judgments which are valid, not void, and in no sense detracts from our decision to the effect the instant garnishee has rights which may be prejudicially affected by a modification or reversal of the garnishment judgment.

Heretofore we have referred to our decisions holding that where a necessary party is not made a party to the appeal the appellate proceeding must be dismissed. However, incredible as it may seem, in the reported cases resulting in a dismissal on that account we find no instance where the losing party sought to avoid the consequences of a failure to make all parties necessary to the appeal by requesting permission to amend his notice of appeal by bringing

in an additional party 'or parties prior to a hearing on the merits and only one (*Ryan v. Cullen,* 89 Kan. 879, 883, 133 Pac. 430) where it is suggested the appellant had that right under existing provisions of our code of civil procedure. Even there the question was not passed upon because of other reasons which made its decision unnecessary.

In the present action, yet to be heard on its merits, appellants have requested in writing that if their claim the garnishee is not a necessary party is denied, then, and in that event, they be permitted to amend their appeal notice and bring him into the appeal proceeding. Having rejected their claim we now give consideration to their request. As we do so the provisions of G. S. 1935, 60-3310, should first be noted. They read:

"Any notice of appeal may be amended at any time by bringing in additional parties or otherwise, before the hearing, as to the appellate court may seem fit, . . ."

No useful purpose will be served by indulging in a lengthy discussion regarding the force and effect to be given the section of the statute from which we have quoted. Its language is clear, distinct and unequivocal. We regard it as a positive legislative mandate directing us to permit the bringing in of additional parties in appellate proceedings by amendment of the appeal notice except in those cases where, in the exercise of the discretion vested in us by its terms, we would feel justified in holding that due to neglect, laches or some other action on the part of the appealing party it clearly appears the appellee's rights with respect to the merits of the appeal have been materially affected or unduly prejudiced by failure to include all necessary parties. In the instant case our attention is not directed to anything and we observe nothing which permits such a conclusion. Appellants, by their motion, have brought themselves clearly within the statute and under all the circumstances it is apparent it expressly provides for the relief they seek. Of a certainty, in view of its unequivocal mandate, to refuse their request and dismiss the appeal would be extremely technical and in our opinion result in an abuse of the discretion vested in us by its provisions.

In conclusion it should be noted that although the statute has not been relied on for purposes here involved its beneficial provisions have been invoked and relief granted in connection with other matters included within its terms under conditions indicating

it is entitled to a liberal construction. See *McQuin v. Santa Fe Trail Transportation Co.,* 155 Kan. 111, 115, 122 P. 2d 787; *Boss v. Brown,* 132 Kan. 86, 88, 294 Pac. 878; *Vincent v. Werner,* 140 Kan. 599, 602, 38 P. 2d 687. See, also, *Salt City B. L. & S. Ass'n v. Peterson,* 145 Kan. 765, 767, 67 P. 2d 564, where the rule of the statute is recognized but permission to amend the appeal notice was denied because the original appeal as taken was a nullity.

The motion to dismiss the appeal is denied. Appellants' application to amend the notice of appeal, by bringing in C. E. Edwards, garnishee, as an additional party, is granted and he will be recognized as such upon service of the amended notice in the manner provided by statute.

HOCH, J., not participating.