GOODHUE *v.* PALMER.

Time given to the principal in a promissory note upon a usurious contract, without the consent of the surety, does not discharge the surety.

But the surety, in a suit against him, may set off the amount of usurious interest paid by the principal.

When a judgment is rendered against two defendants, before a justice of the peace, and but one of the defendants appeals to the Circuit, or Common Pleas Court, the defendant not appealing, is no party to the suit in the appellate Court, and may be a witness in that Court, for the defendant prosecuting the appeal.

APPEAL from the *Laporte* Circuit Court.

*Thursday,
December* 15.

PERKINS, J.—*Palmer* sued one *Barker*, and *Goodhue*, the appellant, before a justice of the peace, on a promissory note. *Barker* was the principal in the note, and *Goodhue* the surety. Judgment against the defendants before the justice. No appeal was taken by *Barker*. *Goodhue* severed, and singly appealed. In the Circuit Court, *Goodhue* set up as a defense that *Palmer* had given time to *Barker*, the principal in the note, without the consent of the surety. But the time was given upon a void, usurious contract, and, hence, did not operate to discharge the surety. *Shaw* v. *Binkard*, 10 Ind. R. 227.

On the trial, *Goodhue* offered *Barker* as a witness to prove payments on the note, and the amount of usurious interest that might be thus applied under § 4, 1 R. S. p. 344. The Court refused to hear the witness.

The matter to be proved by the witness was material and legitimate. Payments made by either of the joint makers of a note inure to the benefit of both; and we can see no legal reason or policy in excepting usurious interest, which, by the section of the statute cited, operates as payment *pro tanto*, from the rule.

The witness offered was competent to make the proof. The objection to him was that he was a party to the suit. The objection was not true in point of fact. It is true that, at common law, all the defendants to a joint action must be brought into Court before judgment is taken against any. Hence all are parties to the suit in all its

stages. *Barton* v. *Petit*, 7 Cranch, 194.—*Davis* v. *Graniss*, 5 Blackf. 79, and note. But our statute has changed this rule, and judgment may be taken against a part of the joint defendants. And by 2 R. S. p. 461, § 64, it is expressly enacted that "when there are two or more plaintiffs or defendants, one or more of such plaintiffs or defendants may appeal without joining the others in such appeal."

In this case, *Barker* not having appealed from the judgment of the justice, that judgment stood operative and in force against him. He was no party to the suit upon the appeal, and had no interest in its result. He was, therefore, a competent witness. See *Kincaid* v. *Purcell*, 1 Ind. R. 324.—*Conwell* v. *Smith*, 4 *id.* 359.—*Wood* v. *Cohen*, 6 *id.* 455.—Ind. Dig., pp. 431, 432.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. B. Niles*, for the appellant.

*J. A. Thornton, J. Orr*, and *J. Bradley*, for the appellee.