## DAVID JORDAN V. H. W. MOORE.

### (Case No. 2158)

1. COMMUNITY PROPERTY—HUSBAND AND WIFE—SUIT INVOLVING COMMUNITY INTEREST —PARTIES—The husband, as the representative of the community, may alone sue for and collect any claim due to the community estate of himself and wife, and a judgment in his favor or against him in such suit will bind the wife as fully as she could be bound had she been a party to the action.

2. SAME—DISQUALIFICATION OF JUDGE—If, in a suit by the husband, the fund sought to be recovered would be community property, the wife, though nominally not a party to the action, is such in legal effect, and if she is a sister of the wife of the judge of the court in which the suit is pending, she and the judge are so related by affinity as to disqualify him from presiding in the trial of the case.

3. APPEAL BOND——DESCRIPTION OF JUDGMENT—M. sued J. for $35.00 and interest, and recovered judgment for "the sum of $35.25, and the further sum of $5.00 interest, making in the aggregate $40.25." J. appealed, and described, in his appeal bond, the judgment as being for " the sum of $35.00, interest and costs." *Held*, that the judgment was not misdescribed.

4. SAME—Where an appeal bond is conditioned in the very words of the statute, but contains in addition, the words " and will pay off and satisfy all costs that have accrued in the court below, together with all costs in the appellate court," the added words neither lessen nor increase the obligations of the bond. The very things which the obligors, by the addition of such words, bind themselves to do, the sureties or their principal would be bound to do under the conditions prescribed by the statute, should judgment go against the principal.

APPEAL from Houston. Tried below before the Hon. J. P. Stevenson, special judge.

This suit was brought by H. W. Moore against David Jordan and Tamer Jordan, in justice's court, Houston county, to recover a balance due Moore, for advances made by him to the Jordans during the year 1882, and to foreclose a mortgage on certain personal property, given as security for the debt. Moore sued out a writ of sequestration, and levied on a portion of the property described in the mortgage. On July 12, 1884, David Jordan replevied the property seized under the writ of sequestration. On July 24, 1884, judgment was rendered, in justice's court, in favor of H. W. Moore against the Jordans, and W. J. Murchison and T. B. Perry, sureties in the replevy bond, for $40.25 and costs. From this judgment David Jordan appealed to the county court.

In the county court Moore filed a motion to quash the appeal bond and dismiss the suit, because the bond misdescribed the judgment rendered in the justice's court, and because it was not conditioned as required by law, which motion the court sustained, and dismissed the cause. Afterwards, David Jordan filed a motion in the county court to transfer the cause to the district court of Houston county, because of the disqualification of the county judge, but the court refused the motion. David Jordan then obtained from the judge of the twenty-sixth judicial district a writ of mandamus compelling the transfer, and also a writ of injunction restraining Moore from availing himself of the judgment of dismissal in the county court, until the further order of the district court.

In the district court Moore demurred to the petition for mandamus, but his demurrer was overruled. He also urged his motion to quash the appeal bond and dismiss the suit. The court sustained the motion, dissolved the injunction, and dismissed the cause. The petition for mandamus alleged that the wife of H. W. Moore and the wife of the county judge, who tried the cause, were sisters. It also showed that the subject-matter of the suit was a part of the community estate of Moore and his wife.

The appeal bond quashed by the court, on motion of the plaintiff, is as follows:

H. W. MOORE
     *v.*     } No. 91.
DAVID JORDAN

Whereas, in justice's court, precinct No. 4, Houston county, Texas, on July 24, 1884, on a writ of sequestration in favor of H. W. Moore, plaintiff, against David Jordan and Tamer Jordan, defendants, which

writ had been levied on seven head of stock cattle, in favor of H. W. Moore against David Jordan and Tamer Jordan, to foreclose a mortgage lien on the cattle and in that suit, a judgment was rendered against the defendants and in favor of the plaintiff, for the sum of $35.00, interest and costs — from which judgment defendants appealed to the county court. Now, therefore, we, David Jordan, as principal, and W. J. Murchison and T. B. Perry, as sureties, acknowledge ourselves bound to pay H. W. Moore the sum of $100, conditioned that David Jordan will prosecute his appeal to effect in the county court, and will pay off and satisfy the judgment that may be rendered against him, and will pay off and satisfy all costs that have accrued in the court below, together with all costs in the county court. Then this obligation shall be null and void, otherwise to remain in full force and effect.

The judgment of the justice's court, from which David Jordan appealed, was: "That H. W. Moore, plaintiff, do have and recover of David Jordan and Tamer Jordan, the sum of $35.25, and the further sum of $5.00, interest, making in the aggregate $40.25; and the court finds the cattle levied on in this cause subject to the debt. And, it appearing to the court that David Jordan replevied the cattle, with W. J. Murchison and T. B. Perry, as sureties, it is ordered, adjudged, and decreed by the court, that H. W. Moore do have and recover the sum of $40.25 from David Jordan, Tamer Jordan, W. J. Murchison and T. B. Perry, and that he also have judgment for the costs."

*Nunn & Denny*, for appellants, on the sufficiency of the appeal bond, cited: Hodde v. Susan, 63 Tex. 307; Christian v. Crawford, 60 Tex. 45; Knight v. Old and Ragland, Tex. Law Rev., vol. 3, p. 7; Herndon v. Bremond, 17 Tex. 434; Trannuell v. Trannuell et al., 15 Tex. 291; Hollis and Wife v. Border, 10 Tex. 277.

On the disqualification of the county judge, they cited: Simpson v. Brotherson, Tex. Law Rev., vol. 4, Aug. 26, 1884; Hodde v. Susan, 63 Tex. 307.

*Cooper & Moore*, for appellee, that the appeal bond was defective, cited: Hollis v. Border, 10 Tex. 278; McGarrah v. Burney, 4 Tex. 288; Jenkins v. McNeese, 34 Tex. 189; Smith v. Cheatham, 12 Tex. 37; W. & W. Rep. 383, 491, 525.

On the insufficiency of the petition for mandamus, they cited: Arberry v. Beavere, 6 Tex. 473; R'y Co. v. Randolph, 24 Tex. 333; Blanton v. Langston, 60 Tex. 149.

STAYTON, ASSOCIATE JUSTICE.—The petition for a writ of man-

damus to compel the county judge to transfer the cause to the district court, alleged that the wives of the appellee and the county judge were sisters. It further showed that the cause of action, which the appellee was seeking to enforce, pertained to the community estate of him and his wife.

His wife was not nominally a party to the action, but she was so in legal effect. The husband, as the representative of the community, under the statute, may alone sue for and collect any claim due to the community, and a judgment in his favor, or against him, will bind the wife, as to such estate, as fully as could she be bound were she a party to the action, unless in cases in which the right of a wife is recognized for her own protection, to assert claim to community property.

The fact that the community may be indebted, and that the sum to be recovered might be applied to the satisfaction of such debts, cannot affect the character of the fund to be recovered, or change the character or extent of the wife's interest in it. She is, in legal effect, a party to the action, and to her the county judge is so related by affinity as to disqualify him to try the cause. Const., art. 5, sec. 11; R. S., 1138.

The court below, therefore, did not err in overruling the exceptions to the petition for *mandamus*. If the relationship between the wives of the appellee and the county judge is not such as alleged, or if the fund sought to be recovered would not be community property, these facts may be shown and no disqualification of the county judge would then exist. The appeal bond sufficiently describes the judgment. It gives the names of the parties, the number of the cause, the court in which rendered, and the day on which it was rendered, against whom, and what for.

It purports to be the bond of one of the defendants, who alone prosecutes the appeal, and is signed by him and his sureties. It does not specify the aggregate amount of the debt and interest for which the judgment was rendered, but it states that it was for " the sum of $35.00, interest and costs." This was not a misdescription. It is conditioned in the very words of the statute, but contains the following additional words, "and will pay off and satisfy all costs that have accrued in the court below, together with all costs in the county court."

Such is the relation of these words to those which precede them and constitute the condition prescribed by the words of the statute, that they must be construed to mean that the obligors bind themselves to do these things in case judgment be rendered against the

principal in the bond. Those very things the sureties or their principal would be bound to do under the condition to the bond prescribed by the statute, should judgment go against the principal. The added words neither add to, nor take from, the bond any obligation which would exist had they not been inserted.

The court erred in quashing the appeal bond, and, for this reason, the judgment will be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 26, 1886.]