C. E. SLAYTON & COMPANY v. W. F. HORSEY.

No. 1288. Decided February 23, 1904.

**1.—Justice Court—Appeal Bond.**

By the appellee to whom one appealing from a judgment in justice court is required to give bond (Rev. Stats., art. 1670) is meant the party against whom the appeal is taken—that is, the party who has an interest adverse to setting aside the judgment. (P. 343.)

**2.—Same.**

One of two defendants against whom plaintiff has recovered, in justice court, judgment for damages for conversion of property may appeal on a bond payable only to the plaintiff. (Pp. 342, 343.)

**3.—Same—Cases Discussed.**

Martin v. Lapowski, 11 Texas Civ. App., 690, approved, and Moore v. Jordan, 65 Texas, 395, and Jordan v. Moore, 65 Texas, 363, discussed and explained. (Pp. 342, 343.)

Questions certified from the Court of Civil Appeals for the Fifth District, in an appeal from Ellis County.

*W. H. Brown* and *Templeton & Harding*, for appellant.—The court erred in dismissing the appeal of the defendant, C. E. Slayton & Co.,

from the justice court on the ground that the county court had not acquired jurisdiction because the appeal bond was not also made payable to the defendant Virge Murray; it appearing that the judgment was a joint one against the defendants, and that said Virge Murray was not adversely interested to the said C. E. Slayton & Co. Martin v. Lapowski, 11 Texas Civ. App., 690; Ayers v. Smith, 28 S. W. Rep., 835; Missouri K. & T. Ry. Co. v. Mosty, 8 Texas Civ. App., 331; Cross v. Moores, 55 S. W. Rep., 373; Ballard v. Coker, 49 S. W. Rep., 921; Landa v. Lattin, 19 Texas Civ. App., 246; Moore v. Jordan, 65 Texas, 395; 3 Notes on Texas Reports, 653.

*J. B. Bisland* and *T. H. Collier,* for appellee.

GAINES, Chief Justice.—This is a certified question from the Court of Civil Appeals for the Fifth Supreme Judicial District. The certificate is as follows:

"Appellee instituted this suit in Justice Court against C. E. Slayton & Co., a firm composed of C. E. Slayton and Earnest Slayton, as one of the defendants, and Virge Murray as the other defendant, claiming damages against all of the defendants for the conversion of personal property. Upon a trial of the case in Justice Court, appellee recovered judgment on the 30th day of January, 1903, against C. E. Slayton & Co., and Virge Murray for $90. Slayton & Co. within ten days from the date of the judgment filed an appeal bond for the purpose of appealing the case to the County Court, which bond was made payable to W. F. Horsey alone.

"On June 18th appellee filed his motion in the County Court to dismiss the appeal from the Justice Court because the bond was not made payable to Virge Murray, as well as to appellee, which motion the court sustained and dismissed the appeal by its judgment.

"By reason of the conflict between the decision of this court in the case of Baldwin v. White, 26 S. W. Rep., 455, and following cases, Martin v. Lapowski, 11 Texas Civ. App., 690, 33 S. W. Rep., 300; Ayers v. Smith, 28 S. W. Rep., 835; Missouri K. & T. Ry. Co. v. Mosty, 8 Texas Civ. App., 330, 27 S. W. Rep., 1057; Cross v. Moores, 55 S. W. Rep., 373; Ballard v. Coker, 49 S. W. Rep., 921; Landa v. Lattin, 19 Texas Civ. App., 246, it is made our duty to certify the case to the Supreme Court.

"Question 1. Did the County Court err in dismissing the appeal?

"Question 2. Can one of several defendants in justice court where such defendants are not adversely interested, appeal without naming his codefendants in judgment obligees in the bond?"

We are of the opinion that both questions should be answered in the affirmative. We think the opinion of Mr. Justice Stephens in the case of Martin v. Lapowski, 11 Texas Civ. App., 690, 33 S. W. Rep., 300, announces the correct rule. It is there pointed out that the ruling of the court in that case was not in conflict with the decision of this court in

the case of Moore v. Jordan, 65 Texas, 395. The latter grew out of the previous case of Jordan v. Moore, which also came to this court and is reported in the same volume, 65 Texas, 363. Jordan v. Moore was a suit instituted in a justice court by Moore against David Jordan and Tamer Jordan, who was his wife, to foreclose a mortgage on personal property. A writ of sequestration was sued out by the plaintiff and under it the property was seized by the officer. The defendants gave a replevy bond with sureties as provided by law. The trial resulted in a judgment in favor of the plaintiff against the defendants and the sureties upon their replevy bond for the value of the property with interest and costs. From this judgment David Jordan alone appealed and gave an appeal bond payable to Moore only. The case was removed into the District Court by reason of the disqualification of the county judge, where upon a motion by appellee the appeal was dismissed on the ground that the bond did not describe the judgment. Upon appeal to this court this action was held erroneous. That is the case reported in 65 Texas, 363. But after the appeal had been dismissed by the District Court and while that matter was on appeal to the Supreme Court, Moore, the plaintiff, caused an execution to issue upon the original judgment against Tamer Jordan and the sureties upon the replevy bond against whom it had been rendered. Thereupon David Jordan and the sureties brought suit to enjoin the execution. The District Court rendered a decree enjoining the execution and the decree was affirmed upon appeal to this court. This is the case reported in 65 Texas, 395. It is apparent from this statement that it was not ruled in either case, that where a judgment is rendered in a justice court against two or more defendants, one of them may not appeal as against the plaintiff, without making his codefendants parties in the appeal bond. On the contrary, it was distinctly held in Jordan v. Moore (the first case) that the appeal was good. The question there decided would have been precisely the same as the question here certified had the appellee moved to dismiss for the want of proper parties to the appeal bond. But the motion there was based upon other grounds. Furthermore, we find no principle announced in either opinion from which it is necessarily deducible that one defendant against whom a judgment has been rendered in a justice court may not appeal without making a codefendant a party.

The statute prescribes, in effect, that in order to appeal from a justice's judgment, "the party appealing" shall give bond "payable to the appellee." Rev. Stats., art. 1670. By "appellee" is meant the party against whom the appeal is taken—that is to say, the party who has an interest adverse to setting aside the judgment.

In this case, the judgment was rendered against Slayton & Co. and against Murray as wrongdoers, and if both the firm and Murray were liable at all they were severally liable to the plaintiff, and neither had any interest in a judgment for or against the other.