JESSE FRENCH PIANO AND ORGAN COMPANY v. J. T. MEARS AND WIFE.

Decided November 16, 1904.

**1.—Appeal Bond.**

A bond on appeal from justice court which sufficiently, and in other respects correctly, describes the judgment appealed from, is not invalid for the reason that it describes a judgment defendant, not appealing, as "Star Piano" instead of "Star Piano Company," and it was error to dismiss the appeal because of such variance.

**2.—Same—Bond to Codefendant.**

One of two defendants against whom judgment was recovered in justice court, could appeal without making the bond payable to its codefendant.

Appeal from the County Court of Brown. Tried below before Hon. S. C. Coffee.

*U. F. Short*, for appellant.—A bond on appeal from a justice court which gives the style of the case, the date and amount of the judgment, and the name of the plaintiff correctly, but shows it was rendered against the Jesse French Piano and Organ Company and Starr Piano, instead of Starr Piano Company, is not insufficient. International & G. N. Ry. Co. v. Vanden, 7 Texas Civ. App., 259; Missouri, K. & T. Ry. Co. of Texas v. Vowell, 34 S. W. Rep., 354; 2 Cyc. of Law and Proc., 902, 919.

One of several defendants not adversely interested may appeal without making his codefendants in judgment obligees in the bond. Martin v. Lapowski, 11 Texas Civ. App., 690; Missouri, K. & T. Ry. Co. v. Mosty, 8 Texas Civ. App., 331; Ayres v. Smith, 28 S. W. Rep., 835; Slaton & Co. v. Horsey, 78 S. W. Rep., 919; Cyc. of Law and Proc., 838.

*Arch Grinnan* and *E. S. J. Whitehead*, for appellees.—The Star Piano Company and Star Piano are not in law the same person, and a bond which describes the judgment as against the Jesse French Piano and Organ Company and the Star Piano, when the judgment is against the Jesse French Piano and Organ Company and Star Piano Company, is a misdescription of the judgment and is void. Southern P. Co. v. Block, 8 Texas, 21; International & G. N. Ry. Co. v. Smith County, 58 Texas, 75; Binion v. Williams, 82 Texas, 397; McGarrah v. Burney, 4 Texas, 288.

As the appeal bond was not made payable to the Star Piano Company, one of the appellees, it is void. Girvin v. Wood, 75 S. W. Rep., 49.

An appeal bond should give the names of all the parties to the judgment appealed from, and if any are omitted, the judgment is misdescribed.    Morris v. Edwards, 1 App. C. C., sec. 525; Jenkins v. McNeese, 34 Texas, 190; Harvey v. Cummings, 62 Texas, 186.

EIDSON, ASSOCIATE JUSTICE.—This is an action brought by appellees in the Justice Court of Precinct No. 1, of Brown County, for damages against appellant and Star Piano Company on account of alleged false representations as to the value, quality and workmanship of a piano alleged to have been sold to appellee Fannie Mears.

The defendant Star Piano Company made no appearance in the case. On the trial in the Justice Court, judgment was rendered in favor of appellees against appellant and the Star Piano Company for the sum of $150; from which judgment appellant alone appealed to the County Court.

In the County Court appellees made a motion to quash the appeal bond of appellant and dismiss the appeal upon the following grounds:

"1. Because said bond misdescribed and does not describe the judgment rendered in the Justice Court in this case, in that the judgment rendered in the Justice Court is in favor of J. T. Mears and Fannie G. Mears against Jesse French Piano and Organ Company and Star Piano Company; and said bond describes it as a judgment in favor of J. T. Mears and Fannie G. Mears against the Jesse French Piano and Organ Company and Star Piano.

"2. Because said bond is not made payable to the Star Piano Company, who is one of the defendants against whom plaintiffs recovered judgment in the Justice Court.

"3. Because said bond is not executed by said Star Piano Company, and said bond does not purport to appeal from the judgment rendered against it."

The County Court sustained said motion and dismissed the appeal. The appeal bond gives the style of the case, states the court in which the judgment was rendered, the date of its rendition and the amount thereof, and gives the name of one of the defendants in the judgment as "Star Piano," instead of "Star Piano Company." The only difference in the name given and the correct name is the omission of the word "Company" in the former.

We regard this omission as simply a clerical error, and when the bond is construed in connection with the judgment of the Justice Court, the name of the defendant Star Piano Company is properly identified and there is no misdescription of the judgment, and we hold that the bond sufficiently described the judgment appealed from.    International & G. N. Ry. Co. v. Vanden, 7 Texas Civ. App., 259; Warren v. Marberry, 85 Texas, 199; Missouri K. & T. Ry. Co. v. Vowell, 34 S. W. Rep., 355.

We are of the opinion that the strict rule applied to citations with reference to the statement of the names of the parties to the suit in a citation, should not apply to appeal bonds from Justice Courts. It was not necessary in this case for the appellant to make the appeal bond payable to its codefendant, and appellant could appeal from the justice's

judgment without its codefendant joining in the appeal. Stayton & Co. v. Horsey, 97 Texas, 341.

We are of opinion that the court below erred in holding appellant's appeal bond from the Justice Court insufficient and dismissing the case; and therefore the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*