## H. H. LEWELLYN ET AL. v. R. J. ELLIS.

### No. 1880. Decided February 17, 1909.

**Appeal Bond—Joint Defendants—New Bond.**

Three defendants uniting in an appeal from justice court which was dismissed because the bond was defective, it was error to refuse permission to two of them to maintain their appeal by filing a new bond payable to appellee; it was good without being made payable also to their co-defendant, who did not join but was not adversely interested. Slayton v. Horsey, 97 Texas, 341, followed. (P. 299.)

Question certified from the Court of Civil Appeals for the Third District, in an appeal from Falls County.

*Nat Lewellyn,* for appellants.

The court erred in refusing to allow defendants to file an appeal bond conditioned as required by law. Gen. Laws of Texas, 1905, page 224; Slayton v. Horsey, 79 S. W., 186.

*Z. I. Harlan* and *Jno. W. Spivey,* for appellee.—The three defendants having appealed jointly from a Justice Court judgment against them, and the interest of two of the defendants being adverse to the third, and their joint appeal bond having been quashed, the two of such defendants could not remain in County Court on an amended appeal bond which made no disposition of their codefendant, and the court, therefore, did not err in refusing to permit such two defendants to proceed with their appeal upon the bond tendered.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This is a certified question from the Court of Civil Appeals of the Third Supreme Judicial District. The statement and question are as follows:

"This case originated in a Justice of the Peace Court in a suit brought by R. J. Ellis against H. A. Lawrence, Gordon Gaither and H. H. Lewellyn. The judgment was rendered for the plaintiff against all the defendants, and the latter gave notice of appeal to the County Court. In order to perfect that appeal the defendants, together with three sureties, executed, and the justice of the peace approved, an appeal bond which reads as follows:

No. 226.
    " 'R. J. ELLIS
        v. ·
    H. A. LAWRENCE.
        In Justice Court, Precinct No. 5, Falls County, Texas.

" 'Whereas, on the 10th day of March, 1906, R. J. Ellis recovered judgment against H. A. Lawrence, H. H. Lewellyn and Gordon Gaither in the sum of one hundred and twenty-five dollars ($125), with foreclosure of mortgage lien on property therein described, and the said H. A. Lawrence, H. H. Lewellyn and Gordon Gaither are desirous of appealing said cause to the Honorable County Court of Falls County. Now, therefore, we, the said H. A. Lawrence, H. H. Lewellyn and Gordon Gaither, acknowledge ourselves due and indebted to R. J. Ellis, conditioned: that the said appellants shall prosecute their appeal to effect, and shall pay. off and satisfy the judgment that shall be rendered against them on such appeal.

" 'Witness our hands this, the 14th day of March, 1906.                    ·   .

                    H. H. LEWELLYN,
                    H. A. LAWRENCE,
" 'Approved and filed this March  GORDON GAITHER,
19, 1906; M. O. Nix, Justice of              *Principals.*
Peace, Prec. No. 5, Falls Co.,  T. T. DEGRAFFENREIDT,
Texas.                  R. B. THIGPEN,
                    T. C. DEGRAFFENREIDT, ·
                              *Sureties.*

" 'Endorsements: Appeal Bond, filed Mch. 22, 1906; W. C. Rogers, Co. Clk. Falls County, Texas.'

"This bond, together with the transcript made out by the justice of the peace, was filed in the County Court. Thereafter the plaintiff Ellis made and presented to the County Court a motion to dismiss the appeal upon the ground that the bond was not in double the amount of the judgment appealed from, which was a personal judgment for specific amounts of money, which motion was sustained by the County Court. Thereupon H. H. Lewellyn and Gordon Gaither, two of the defendants, tendered a new appeal bond, which reads as follows:    · ·

No. 1625.
    " 'R. J. ELLIS
        v.
    H. A. LAWRENCE ET AL.
        In County Court, Falls County, Texas, April Term, 1907.

" 'Whereas, on the 10th day of March, 1906, R. J. Ellis recovered judgment against H. A. Lawrence, H. H. Lewellyn and Gordon Gaither as follows: Against Gordon Gaither and H. A. Lawrence jointly and severally for the sum of $44; and against H. H. Lewellyn and H. A. Lawrence for the sum of $56; and against H. A. Lawrence for the sum of $25, with foreclosure of mortgage lien as against H. A. Lawrence;            -

" 'And whereas, said H. H. Lewellyn and Gordon Gaither are de-· sirous of appealing said cause to the Honorable County Court of Falls County, Texas.

" 'Now, therefore, we, the said H. H.· Lewellyn and °Gordon Gaither, as principals, and the other subscribers hereto as sureties acknowledge

ourselves indebted to said R. J. Ellis in the sum of two hundred and fifty dollars, and conditioned that the said appellants shall prosecute their appeal to effect, and shall pay off and satisfy the judgment that shall be rendered against them on such appeal.

"'Witness our hands this, the 11th day of May, 1907.

H. H. LEWELLYN,
GORDON GAITHER,
J. B. LANDRUM,
G. M. WOLLEY,
T. F. GLASS.'

"It is shown by the bill of exceptions that the sureties on the latter bond were good and sufficient sureties, but the plaintiff objected to the filing of the bond because of the fact that H. A. Lawrence, one of the defendants who had appealed, was not made a party thereto. This motion was sustained by the trial court and the appeal was dismissed.

"The bill of exceptions states that H. A. Lawrence was absent from the County Court, and was not represented by counsel or any one having authority to sign his name to the appeal bond. The action of the County Court in refusing to allow the new appeal bond to be filed, and in dismissing the appeal, is assigned as error, and this court, in an opinion a copy of which is hereto attached, sustained that assignment, and entered judgment reversing and remanding the case.

"The case is now pending in this court on motion for rehearing, and appellee has submitted a motion asking to have the question upon which this court reversed the case certified to the Supreme Court. Being an important question of practice, and one member of this court being disqualified, we have granted the motion referred to, and now certify to the Supreme Court for decision this question.

"Did the trial court rule correctly when it refused to allow the new appeal bond to be filed and dismissed the appeal for the want of a proper bond?"

We are of the opinion that the trial court erred in its ruling. We held in Slayton v. Horsey (97 Texas, 341) that "one of several defendants in Justice Court, where such defendants are not adversely interested, may appeal, without naming his codefendants in judgment obligees in the bond," and we think that this ruling is decisive of the question certified in this case. All the defendants having appealed, and their appeal having been dismissed by reason of a defective appeal bond, we think the right of two of them to perfect their appeal by filing a new bond was not affected by the failure of the third party to join them in doing so. The second bond would have been good as an original appeal bond, as held in the case just cited.