BROWN v. YATES.

No. 147.    Opinion Filed July 13, 1909.

(103 Pac. 667.)

**JUSTICES OF THE PEACE—Defect of Parties on Appeal.** If, from the judgment of a justice of the peace against three defendants, one of them appeals to the county court, in his own name, without joining the others, the appeal should be dismissed.

(Syllabus by the Court.)

*Error from Pushmataha County Court; L. P. Davenport, Judge.*

Action by H. R. G. Yates in a justice's court against W. J. Brown, H. A. Higgs, and W. C. Spencer. There was a judgment for plaintiff, and defendant Brown alone appealed to the county court, where plaintiff again had judgment, and Brown brings error. Petition in error dismissed.

*A. J. Arnote* and *C. E. Dudley,* for plaintiff in error.
*John Cocke,* for defendant in error.

TURNER, J. On December 23, 1907, H. R. G. Yates, defendant in error, plaintiff below, brought suit in a justice's court in Antlers township, Pushmataha county, against H. A. Higgs, W. C. Spencer, and W. J. Brown, for $44.85 and $15 attorney's fees for work and labor done, and on January 2, 1908, recovered judgment against them for $16.25, together with $10 for attorney's fees and costs. On January 11, 1909, Brown filed his affidavit and appeal bond, which was approved, and prayed and was granted an appeal, and later filed transcript of the pro-

ceedings, together with all papers in the cause, in the county court of that county. On March 5, 1908, the cause coming on for hearing, he made application for a change of venue, which was overruled, and on trial anew in said court judgment was rendered in favor of plaintiff and against said defendant Brown for $39.20 and $10 attorney's fees, from which he brings error to this court. None of the various errors by him assigned need be considered, for the reason that this appeal should have been dismissed in the county court.

As there is no statute in force in this jurisdiction, providing that an appeal may be taken by any one or more of the parties defendant to a joint judgment, it may be laid down that:

"All parties against whom a judgment is rendered must be joined as co-appellants on an appeal taken by one of them." (2 Am. & Eng. Enc. Pl. & Pr. 182.)

This rule has been held to apply not only to appeals prosecuted to this court, but from appeals from a justice of the peace to the county or district court. In *Inhabitants of Congressional Tp. No. 19 v. Clark et al.,* 1 Ind. 139, the court in its syllabus says:

"If, from the judgment of a justice of the peace against several defendants, one of them appeals to the circuit court, in his own name, without joining the others, the appeal should be dismissed."

—and cite in support of the doctrine *Kain v. Gradon,* 6 Black. (Ind.) 138. In that case Kain sued Gradon and Sawyer, before a justice of the peace, and recovered judgment against them. Gradon prayed and was granted appeal to the circuit court. There plaintiff moved to dismiss the appeal because taken by one of the defendants only. The motion was overruled, and judgment entered for defendants. The Supreme Court held this to be error, and in passing said:

"There is no reason why appeals from the judgment of a justice should be distinguished from writs of error; and in cases of the latter description it is settled by repeated adjudication that, on a judgment against several defendants, a writ of error must be

brought in all their names, if they are still living and aggrieved by the judgment. Cro. Eliz. 648, 892; 1 Strange, 233, 606; 3 Burr, 1789. If it were not so, every defendant might bring a writ of error or take an appeal by himself, and by that name prevent the plaintiff from having the benefit of his judgment, though it might be affirmed once or oftener. 2 Tidd's Pr. 1054. Where all the plaintiffs or defendants to a suit do not wish to prosecute an appeal or a writ of error, or will not unite in doing so, any one of them may take an appeal or sue out a writ in the names of all, and, if the others refuse to come in and join with him in the assignment of errors, there must be a judgment of severance as to them, after which he may proceed in his name alone. 6 Bac. Abr. 'Summons and Severance,' E; 1 Archibold's Pr. 232. In the case before us, it was the privilege of either of the defendants to appeal from the judgment of the justice and to have had judgment of severance in the circuit court. As Gradon did not pursue that course, his appeal should have been dismissed."

It was so held in said state up to *Goodhue v. Palmer* 13 Ind. 457, where, owing to remedial statute (2 Rev. St. p. 461, sec. 64), subsequently passed, providing that, "when there are two or more plaintiffs or defendants one or more of such plaintiffs or defendants may appeal without joining the others in such appeal," a different rule was applied.

In *Baldwin v. White* (Tex. Civ. App.) 26 S. W. 455, this question was squarely passed upon. The court said:

"G. W. White obtained in the justice's court a joint judgment against appellant, Baldwin, and B. F. Swiggett and Alex Tucker, from which judgment appellant, Baldwin, attempted to appeal to the district court by executing a bond payable to appellee, G. W. White; the said Swiggett and Tucker in no way being made parties to the appeal. On motion of White, the district court dismissed the appeal of Baldwin, because Swiggett and Tucker were not made parties thereto. This action of the court we think correct. When an appeal is taken from a judgment rendered in the justice's court, it has to be tried *de novo*. The effect of the appeal is to annul the judgment; and, in order for the proper judgment to be rendered on trial *de novo*, all parties interested in the result should be made parties to the appeal. Swiggett and Tucker were necessary parties to the appeal and should

have been made such. *Moore v. Jordon*, 65 Tex. 395. The judgment of the district court dismissing the cause is affirmed."

At the time that decision was rendered the practice governing appeals from justice of the peace in that jurisdiction (Rev. St. 1879, c. 17, arts. 1638-1641) was substantially the same as that governing like appeals in this jurisdiction (Wilson's Rev. & Ann St. 1903, §§ 5044-5046), and, as we think the decision in accord with reason, we follow it. In line with this is *Strange v. Crismon*, 22 Okla. 841, 98 Pac. 937, where this court, quoting approvingly from *Great Western Mfg. Co. v. Richardson*, 57 Kan. 661, 47 Pac. 537, said:

" 'This rule is well settled, and has often been enforced by this court, that all persons against whom a joint judgment has been rendered must be made parties to a proceeding to reverse such judgment, and failure to join any of them, either as plaintiffs or defendants is ground for the dismissal of the case.' A long line of reported cases might be cited to support this proposition; but we shall refer to only the following: *McPherson v. Storch*, 49 Kan. 313, 30 Pac. 480; *Loan Co. v. Lumber Co.*, 53 Kan. 677, 37 Pac. 132; *Norton v. Wood*, 55 Kan. 559, 40 Pac. 911; *Investment Co. v. National Bank*, 56 Kan. 49, 42 Pac. 321; *Bain v. Conn. Life Ins. Co.*, 3 Kan. App. 346, 40 Pac. 817; *Bonebrake v. Aetna Life Ins. Co.*, 3 Kan. App. 708, 41 Pac. 67. In the case of *Jones Stationery & Paper Co. v. Hentig*, 31 Kan. 323, 1 Pac. 533, Mr. Justice Valentine, speaking for the court, said 'In no case should a judgment be interfered with by the Supreme Court, where one of the parties to the judgment is not a party in the Supreme Court.' See, also, *Wedd v. Gates et al.*, 15 Okla. 602, 82 Pac. 808. In this case the petition in error will be dismissed."

This objection being jurisdictional, we are of opinion that the petition in error should be dismissed, and it is so ordered.

Dunn, Hayes, and Williams, JJ., concur; Kane, C. J., not participating.