BARNARD v. DOUGLASS-WHALEY GROCERY CO.

No. 1295.    Opinion Filed January 9, 1912.

(120 Pac. 563.)

JUSTICES OF THE PEACE—Judgment for Plaintiff—Appeal by One Defendant—Validity.    A judgment was rendered against two defendants in a cause tried before a justice of the peace.    One of the defendants, appealed to the county court in his own name, without joining the other.    The appeal was dismissed by the county court, upon the ground that the county court was without jurisdiction to entertain the appeal, because the appellant did not make his codefendant a party thereto.    Held reversible error, overruling **Brown v. Yates**, 24 Okla. 231, 103 Pac. 667.

(Syllabus by the Court.)

*Error from Pontotoc County Court;*
*Joel Terrell, Judge.*

Action by the Douglass-Whaley Grocery Company against J. A. Barnard and another before a justice. Judgment for plaintiff, and defendant Barnard appealed to the county court. From an order dismissing that appeal, he brings error. Reversed and remanded, with instructions.

*Stone & Maxey,* for plaintiff in error.

*J. F. McKeel,* for defendant in error.

KANE, J.    A judgment was rendered against two defendants in a cause tried before a justice of the peace. One of the defendants appealed to the county court in his own name, without joining the other.    The appeal was dismissed by the county court, upon the ground that the county court was without jurisdiction to entertain the appeal, because the appellant did not make his codefendant a party thereto, and this proceeding in error was commenced to review said action below.

The judgment of the court below must be reversed. The Constitution (sections 14 and 15 of article 7) provides:

"Until otherwise provided by law, the county court shall have jurisdiction of all cases on appeals from judgments of the justices of the peace in civil and criminal cases; and in all cases, civil and criminal, appealed from justices of the peace to such county court, there shall be a trial *de novo* on questions of both law and fact."

The manner of taking such appeals is prescribed by section 6387, Comp. Laws 1909, as follows:

"The party appealing shall, within ten days from the rendition of judgment, enter into an undertaking to the adverse party with at least one good and sufficient surety, to be approved by such justice, in a sum not less than fifty dollars in any case, nor less than double the amount of the judgment and costs.    *    *    *    Said undertaking need not be signed by the appellant."

Upon filing the appeal bond the justice is directed to make and certify a transcript of the proceedings, and deliver or transmit the same to the clerk of the county court. And the statute further provides that all further proceedings before the justice of the peace in the case shall cease and be stayed on the filing of the undertaking with said justice. No notice of appeal shall be required to be filed or served, and the case shall be tried *de novo* in the county court upon the original papers on which the cause was tried before the justice, unless the appellate court, in furtherance of justice, allows amended pleadings to be made, or new pleadings to be filed.

It is obvious the foregoing statutes do not require the appellant to do anything except file his appeal bond, whereupon, as the statute further provides, "the appeal shall be complete." The court below probably dismissed the appeal upon the authority of *Brown v. Yates,* 24 Okla. 231, 103 Pac. 667, which seems to be an authority which sustains that view; but that case follows *Baldwin v. White,* 26 S. W. 455 (Civil Court of Appeals, Texas), a Texas case construing a similar statute, which has been overruled in *Slayton & Co. v. Horsey,* 97 Tex. 341, 78 S. W. 919, and is in conflict with the statute and the great weight of authority. The general rule is stated in 24 Cyc. as follows:

"An appeal may in most jurisdictions be taken by one or more of several parties against whom judgment has been rendered in a justice's court, without joining his coparties."

A good many of the cases cited in support of the text seem to be from states having a statute similar to our own. In the Texas case above referred to, *Slayton & Co. v. Horsey,* it was held:

"One of two defendants against whom plaintiff has recovered, in justice court, judgment for damages for conversion of property, may appeal on a bond payable only to the plaintiff."

In Texas the statute provides, in effect, that in order to appeal from a justice's judgment "the party appealing" shall give bond "payable to the appellee." *Slayton & Co. v. Horsey, supra,* was followed in *Lewellyn et al. v. Ellis,* 102 Tex. 297, 116 S. W. 42, wherein it was held:

"One of several defendants in justice court, where the defendants are not adversely interested, may appeal, without naming his codefendants in judgment obligees in the appeal bond; and, where an appeal of all three defendants in a justice action was dismissed because of a defective appeal bond, two of them could perfect their appeal by filing a new bond, though the other defendant did not join them."

In *Brown v. Yates, supra,* the court fell into error by following the decision of the Texas Court of Civil Appeals, which was afterwards overruled by the Supreme Court, and the decisions of this court in cases like *Strange v. Crismon,* 22 Okla. 841, 98 Pac. 937, which apply to proceedings in error commenced in the Supreme Court for the purpose of reviewing orders and judgments of the district and county courts. Upon reflection, the difference between the two classes of cases becomes apparent at once.

For the reasons stated, the opinion of the court in *Brown v. Yates, supra,* in so far as it conflicts with this opinion, is overruled, and the judgment of the court below is reversed, and the cause remanded, with directions to proceed in accordance with this opinion.

TURNER, C. J., and HAYES and WILLIAMS, JJ., concur; DUNN, J., absent, and not participating.