## KANAGA v. LAHR et al.

No. 3710.    Opinion Filed June 9, 1914.

(141 Pac. 411.)

**JUSTICES OF THE PEACE—Appeal—Parties.** A judgment was rendered against two defendants in a cause tried before a justice of the peace. One of the defendants appealed to the county court in his own name, without joining the other. The appeal was dismissed by the county court, upon the ground that the county court was without jurisdiction to entertain the appeal, because the appellant did not make his codefendant a party thereto. Held reversible error, following **Bernard v. Douglas-Whaley Gro. Co.**, 31 Okla. 124, 120 Pac. 563.

. (Syllabus by Brewer, C.)

*Error from County Court, Seminole County;*
*T. S. Cobb, Judge.*

Action by Charles Lahr against Mose Bruner and H. E. Kanaga in a justice court. An appeal from judgment for plaintiff was dismissed, and defendant Kanaga brings error. Reversed and remanded.

*A. S. Norvell,* for plaintiff in error.

*E. L. Harris,* for defendants in error.

Opinion by BREWER, C. · Charles Lahr sued Mose Bruner and H. E. Kanaga in a justice' of the peace court, and obtained a judgment against both of the defendants. Kanaga undertook to take an appeal by filing his bond in proper time in the justice court, but without making his codefendant, Bruner, a party in the appeal. After a motion had been filed in the county court to dismiss the appeal, Kanaga filed a motion asking to be allowed to amend his appeal bond or to substitute a new and perfect bond making his codefendant a party in the appeal. A bond to this effect was tendered, but the motion to be allowed to substitute same was denied, and the appeal was dismissed. Kanaga, as plaintiff in error, brings the cause to this court to review this action of the trial court.

The cause is reversed, on the authority of *Bernard v. Douglas-Whaley Gro. Co.,* 31 Okla. 124, 120 Pac. 563, which case expressly overrules *Brown v. Yates,* 24 Okla. 231, 103 Pac. 667. The syllabus in the Bernard case is:

"A judgment was rendered against two defendants in a cause tried before a justice of the peace. One of the defendants appealed to the county court in his own name, without joining the other. The appeal was dismissed by the county court, upon the ground that the county court was without jurisdiction to entertain the appeal, because the appellant did not make his codefendant a party thereto. *Held* reversible error, overruling *Brown v. Yates,* 24 Okla. 231, 103 Pac. 667."

And the cause is remanded, with direction to the county court to set aside the order dismissing the appeal and allowing the plaintiff in error a new trial on the merits of his case.

By the Court: It is so ordered.