## ST. LOUIS & S. F. R. CO. v. HENSON *et al.*

No. 3923. Opinion Filed November 17, 1914.

(144 Pac. 364.)

**JUSTICES OF THE PEACE—Appeal—Parties.** A judgment was rendered against two defendants in a cause tried before a justice of the peace. One of the defendants appealed to the county court in his own name, without joining the other. The

appeal was dismissed by the county court upon the ground that the county court was without jurisdiction to entertain the appeal, because the appellant did not make his codefendant a party thereto. **Held,** reversible error.

(Syllabus by Brewer, C.)

*Error from County Court, McClain County;*

*W. H. Woods, Judge.*

Action by J. H. Henson and another against the St. Louis & San Francisco Railroad Company, a corporation, and another. Judgment for plaintiffs, and the defendant named brings error. Reversed and remanded, with directions.

*W. F. Evans, R. A. Kleinschmidt,* and *Fred E. Suits,* for plaintiff in error.

*Wadlington & Wadlington* for defendants in error.

Opinion by BREWER, C. This suit was originally filed in a justice of the peace court in McClain county, wherein the plaintiffs, at a trial in said court, obtained a judgment against the plaintiff in error. At the same trial the Oklahoma Central Railway Company, one of the defendants below, was found not to be liable. The plaintiff in error appealed the case to the county court of McClain county, where the appeal was finally dismissed on the 27th day of November, 1911, "for the reason that the defendant, in appealing from the judgment rendered in the justice court, failed to join the Oklahoma Central Railway Company, as a party to the appeal." It is alleged that it was error to dismiss the appeal on the grounds stated, and we think the point is well taken. The trial court doubtless had in mind, and acted upon, the case of *Brown v. Yates,* 24 Okla. 231, 103 Pac. 667, and under that decision the ruling would have been correct; but in the later case of *Barnard v. Douglass Whaley Gro. Co.,* 31 Okla. 124, 120 Pac. 563, *Brown v. Yates* was overruled. In the Barnard case it is said:

"A judgment was rendered against two defendants in a cause tried before a justice of the peace. One of the defend-

ants appealed to the county court in his own name, without joining the other. The appeal was dismissed by the county court, upon the ground that the county court was without jurisdiction to entertain the appeal, because the appellant did not make his codefendant a party thereto. *Held,* reversible error, overruling *Brown v. Yates,* 24 Okla. 231, 103 Pac. 667."

It follows that the court was in error in dismissing this appeal, and the cause is therefore reversed and remanded, with directions to overrule the motion to dismiss and to reinstate the case.

By the Court: It is so ordered.