## JOHNSON v. STOVAL, et al.

No. 2799. Opinion Filed December 22, 1914.

(144 Pac. 1057.)

**JUSTICES OF THE PEACE—Appeal—Parties.** C. A. Johnson sued Guy F. Stoval on an account and garnisheed certain oil stock in the hands of E. L. Faris as belonging to Stoval. Faris answered that he had no stock in his possession or under his control belonging to Stoval, and afterwards filed an interplea setting up ownership in the stock. Stoval made no appearance nor asserted any claim to the stock. The court rendered judgment against Stoval as principal defendant and against Faris on the interplea. Faris appealed to the county court without joining Stoval in the appeal. Johnson filed motion to dismiss the appeal because Stoval was not made a party thereto. From the order overruling such motion, Johnson appealed. **Held,** it appearing from the record that Stoval claimed no interest in the stock adverse to Faris, the motion to dismiss was properly overruled.

(Syllabus by Harrison, C.)

*Error from County Court, Kay County;*

*Claud Duval, Judge.*

Action by C. A. Johnson against Guy F. Stoval, defendant, and Newkirk Oil Company and E. L. Faris, garnishees, and E. L. Faris, interpleader. Judgment sustaining an appeal from the justice court by interpleader, and C. A. Johnson brings error. Affirmed.

*Sam K. Sullivan* and *H. S. Braucht,* for plaintiff in error.

*W. K. Moore,* for defendants in error.

Opinion by HARRISON, C. This action was begun in the justice court of Kay county by C. A. Johnson against Guy F. Stoval for the sum of $92.30. At the beginning of the action Johnson also instituted garnishment proceedings against the Newkirk Oil Company and E. L. Faris, claiming in the affidavit of garnishment that E. L. Faris had in his possession and under his control certain shares in the Newkirk Oil Company belonging to defendant Guy F. Stoval. Faris answered the garnishment summons, claiming that he had no money or properties of any kind in his posesssion or under his control belonging to Stoval; that the four and one-half shares of Newkirk Oil Company's stock which had been issued to Stoval had been purchased by him, Faris, and that the same was his own individual property. Plaintiff excepted to this answer. Faris filed an interplea, alleging title to the shares of stock in question, and from the judgment of the justice court that such shares of stock were the property of Stoval, Faris appealed to the county court. The transcript of the justice's docket, together with the appeal bond, which had been approved by the justice, were certified to the county court and docketed therein. Afterwards, on April 5, 1910, the plaintiff, Johnson, and his attorneys, and the interpleader, Faris, and his attorneys, appeared in the county court and tried the cause to a jury. The jury, being unable to agree upon a verdict, were discharged from further consideration and the cause continued. Thereafter the plaintiff, Johnson, filed a motion to dismiss the appeal on the alleged ground that the principal defendant, Guy F. Stoval, had not been made a party to the appeal. The ground upon which this allegation

was based was that the interpleader's appeal bond was made payable to C. A. Johnson, plaintiff, without naming Guy F. Stoval, as an obligee. The motion to dismiss was overruled, and Johnson, the original plaintiff, appeals to this court.

In the former opinion, we followed *Barnard v. Douglass-Whaley Grocery Co.,* 31 Okla. 124, 120 Pac. 563, wherein the court held:

"A judgment was rendered against two defendants in a cause tried before a justice of the peace. One of the defendants appealed to the county court in his own name, without joining the other. The appeal was dismissed by the county court, upon the ground that the county court was without jurisdiction to entertain the appeal, because the appellant did not make his codefendant a party thereto. *Held* reversible error, overruling *Brown v. Yates,* 24 Okla. 231, 103 Pac. 667."

In this case the court overruled the opinion in *Brown v. Yates* because it seemed to follow the case of *Baldwin v. White* (Tex. Civ. App.) 26 S. W. 455, which had been overruled in *Slayton & Co. v. Horsey,* 97 Tex. 341, 78 S. W. 919, as being in conflict with the statute and great weight of authority.

The opinion of this court in the Barnard case, *supra,* seems to have been based principally upon the fact that the defendant who was not made a party to the appeal had no interest in the controversy adverse to the interests of the defendant who took the appeal, and whatever may have been the facts from which the court reached this conclusion, the facts in the case at bar bring it within the rule announced in the Barnard case. For it appears from the record that Stoval, the principal defendant, made no appearance in the justice court, and failed to plead either to the claim of the plaintiff, Johnson, or the claim of the interpleader, Faris, and asserted no claim whatever to the shares of stock in question. Hence, so far as the record goes, Stoval, the principal defendant, had no interest in such shares adverse to the claim of Faris. Therefore the former opinion affirming the judgment of the court in overruling the motion to dismiss the appeal is adhered to. The former opinion is hereby with-

drawn, this one filed in its stead, and the judgment of the county court affirmed.

By the Court: It is so ordered.