## SALLIE L. YERKES v. C. M. McGUIRE *et al.*

GARNISHMENT — *Parties on Appeal.* Where it is sought to reverse an order dischaging garnishees from liability, they must be made parties to the proceedings in this court; and a petition in error to which the principal defendants alone are made parties will be dismissed.

*Error from Phillips District Court.*

ACTION by *Sallie L. Yerkes* against *C. M. McGuire* and J. V. Farwell & Co. Judgment for plaintiff. Garnishment proceedings under the judgment were instituted by plaintiff. From an order discharging the garnishees, upon their answers showing an indebtedness to J. V. Farwell & Co., plaintiff brings error.

*T. F. McCarthy*, for plaintiff in error.

*John R. Hamilton*, for defendants in error.

The opinion of the court was delivered by

ALLEN, J.: On the 9th day of August, 1888, the plaintiff in error recovered a judgment against the defendants for a certain stock of merchandise, and for the sum of $2,929.17, the value thereof, in case a return thereof could not be had. An execution was issued on the judgment, and garnishment proceedings were thereupon instituted against C. M. Shimeall, M. F. Brown, and H. Evans, each of whom returned an an-

swer showing indebtedness to J. V. Farwell & Co. There-
upon the plaintiff moved for judgment against the garnishees
on their answers. This motion was overruled, and an order
entered discharging the garnishees.

The only errors assigned in this court are in refusing to
enter judgment against the garnishees, and in discharging
them from liability. Although the point is not raised by the
defendants in error, either in the motion to dismiss or in the
brief, it is apparent to the court on the face of the record that
the only parties against whom any relief is asked are not be-
fore the court. The garnishees were not made parties to the
case-made which was settled by the court, are not named in
the petition in error, nor have they ever been summoned, or
or entered an appearance in this court. Any order we might
make affecting their interests would be a mere nullity, with-
out the slightest value to the plaintiff in error. The order
complained of discharging the garnishees in no manner af-
fected the validity of the judgment, which the plaintiff has
been at all times, and still is, entirely at liberty to enforce
against the principal defendants. The petition in error is
dismissed.

All the Justices concurring.