CLARENCE A. PARKS, *as Trustee, etc., et al.* v. ALBERT HONEYWELL.

NECESSARY PARTIES — *Petition in Error Dismissed.* Where, in an action to foreclose a mortgage, a receiver was appointed at the instance of a mortgagee, and was afterward discharged on the application of a person who claimed to be and was recognized by the court as guardian of the mortgagor, alleged to be an insane person, such guardian is a necessary party to a review in this court of the order discharging the receiver, and a petition in error making the mortgagor alone defendant in error must be dismissed.

*Error from Harper District Court.*

THE nature of the action and the material facts are stated in the opinion herein, filed July 6, 1895.

*Francis M. Hayward, Frederick W. Griffin,* and *Frank H. Foster,* for plaintiffs in error.

*Sankey & Campbell,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J. : This case comes here on a petition in error to reverse an order of the district court discharging a receiver. W. F. Thayer was plaintiff, and Albert Honeywell, The Colonial and United States Mort-

gage Company, Limited, Phelps & Bigelow Windmill
Company and E. Howland were defendants below.
Howland and the windmill company both filed cross-
petitions claiming liens on the lands covered by the
plaintiff's mortgage. Afterward the plaintiffs in er-
ror were made parties defendant, and answered, set-
ting up a mortgage on the same lands. Afterward,
on the 8th day of January, 1891, on their application,
a receiver was appointed to take charge of the mort-
gaged property, who filed a bond and entered on the
discharge of his duties. On the 12th day of June,
1891, a motion was made by W. E. Groves, as guard-
ian for Albert Honeywell, in which it was stated that
on the 10th day of June, 1891, Honeywell was declared
a person of unsound mind and Groves duly appointed
his guardian, asking that the receiver be discharged.
This motion was heard by the court on the 12th day
of June, over the objections of the plaintiff in error,
one of which was that Groves had not been made a
party to the action. The court thereupon ordered that
he be made a party, proceeded to hear the motion,
and made an order removing the receiver. Various
errors are alleged in the proceedings of the court. A
motion is made on behalf of the defendant to dismiss
the petition in error because of a want of proper parties.
This motion must be sustained. The order com-
plained of was made at the instance of Groves, who
claimed to be the duly-appointed guardian of Honey-
well. Whatever errors the court may have committed
were at his instance, and he is a necessary party in
this court. Groves was recognized by the court as
guardian.

It is unnecessary to inquire whether the other in-
cumbrancers who were made parties below are also

necessary parties here, as the absence of the guardian is fatal to the jurisdiction of this court.

The petition in error is dismissed.

All the Justices concurring