## FIRST NAT. BANK OF HENNESSEY v. HARDING.

No. 4772. Opinion Filed March 11, 1913.

(130 Pac. 905.)

**APPEAL AND ERROR**—Parties—Garnishee. Where it is sought to reverse an order discharging garnishees from liability, they must be made parties to the proceedings in this court; and a petition in error to which the principal defendants alone are made parties will be dismissed.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County;*
*James B. Cullison, Judge.*

Action by First National Bank of Hennessey, Oklahoma, against A. M. Harding. From an order discharging a garnishee, plaintiff brings error. On motion to dismiss. Granted.

*P. S. Nagle,* for plaintiff in error.

*F. L. Boynton,* for defendant in error.

DUNN, J. This case presents error from the district court of Kingfisher county. Plaintiff in error seeks to have reviewed an order of the district court which discharged a garnishee. The only parties made plaintiff and defendant in error are the original parties to the action, and counsel for defendant in error have filed a motion to dismiss the proceeding for the reason that the garnishee was not made a party. That all parties who will be affected by the judgment of this court must be made parties in this court is fundamental, and the Supreme Court of Kansas, passing on this specific question in the case of *Yerkes v. McGuire et al.,* 54 Kan. 614, 38 Pac. 781, held that:

"Where it is sought to reverse an order discharging garnishees from liability, they must be made parties to the proceedings in this court; and a petition in error to which the principal defendants alone are made parties will be dismissed."

This case was afterwards followed by this court in the case of *Spaulding Mfg. Co. v. Dill et al.,* 25 Okla. 395, 106 Pac. 817.

The motion to dismiss is sustained.

All the Justices concur.