No. 35,610

STEPHENS COLLEGE, *Appellant*, v. J. E. LONG and MRS. J. E. LONG, *Appellees*.

(134 P. 2d 625)

Opinion filed March 6, 1943.

*W. H. Coutts, Jr.*, of El Dorado, argued the cause for the appellant.

*L. J. Bond*, of El Dorado, was on the briefs for the appellees.

The opinion of the court was delivered by

HOCH, J.: This is an appeal from an order discharging a garnishment of funds in the hands of a county treasurer.

In view of the conclusion presently to be stated a very brief recital of the facts will suffice. On July 15, 1937, Stephens College, appellant here, obtained a money judgment against Mrs. J. E. Long. Administration was then being had of the estate of her mother, Mrs. Hall. Partial distribution had been made, Mrs. Long being one of

the legatees. Against Mrs. Long's share had been set off certain notes, signed by her, and listed as assets of the estate. Apparently there was some controversy over this matter, and when final distribution was made on November 30, 1937, Mrs. Long refused to receive the cash distribution made to her, and upon order of the probate court it was turned over to the county treasurer. No part of the record in the probate court has been brought here but we are advised by counsel that no appeal was taken from any orders made in the probate court. Final settlement was made and the executor discharged on January 6, 1938. About four years thereafter, Stephens College, as judgment creditor of Mrs. Long, brought garnishment in the district court, directed against the county treasurer for the purpose of reaching the money turned over to him from the Hall estate, on the theory that it belonged, in fact, to Mrs. Long. Presumably the county treasurer filed an answer. Upon motion of Corwin Hall, formerly executor of the Hall estate, and after hearing, the garnishment was discharged on January 7, 1942, and from that order, as well as from an order denying a rehearing on the motion, this appeal was taken. In passing we note that the record does not disclose and we are not advised as to the theory upon which Corwin Hall, who had ceased to be executor of the estate several years prior thereto, became a party to the garnishment proceeding.

Appellant seeks to raise the questions of whether Mrs. Long in fact renounced her legacy, whether under the circumstances shown she could renounce or disclaim it as against the interest of her judgment creditor. Important as are these and other questions raised by appellant, it becomes clear upon examination of the record that we cannot here consider them.

In the first place, appellees challenge appellant's right to be heard because of failure to file a complete transcript with the clerk of the district court. (G. S. 1935, 60-3311; *Mercer v. Kirkwood,* 147 Kan. 637, 77 P. 2d 929 and cases there cited.) It is conceded that the complete transcript was filed late—after appellees' brief was prepared. Appellant relates facts in extenuation of the delay in filing which need not be recited here but which are quite persuasive, and without intention of ignoring the important rule we pass to a more fundamental reason why the appeal must be dismissed.

The county treasurer, garnishee, was not made a party to the appeal. Under our garnishment statutes (G. S. 1935, 60-940 to 60-

963) a proceeding against a garnishee is deemed an action against the garnishee and defendant, as parties defendant. (60-951.) After summons and during pendency of the garnishment proceedings the garnishee stands liable to the plaintiff for the property, funds or credits in his hands belonging to the principal defendant and which have been properly garnisheed. (60-954.) We have squarely held that upon appeal from an order discharging the garnishment the garnishee is a necessary party. (*Yerkes v. McGuire*, 54 Kan. 614, 38 Pac. 781; *Gregg v. Baldwin*, 10 Kan. App. 577, 62 Pac. 72; *Tuthill v. Moulton*, 9 Kan. App. 434, 58 Pac. 1031. See, also, *Greenman v. Melbye*, 78 Minn. 361, 81 N. W. 21; *First Nat. Bank of Hennnessey v. Harding*, 35 Okla. 650, 130 Pac. 905; *Juilliard & Co. v. May*, 130 Ill. 87, 22 N. E. 477.) The basis for such a holding is readily apparent. It might, perhaps, be contended that the garnishee would not be a necessary party to an appeal from an order directing him to pay over to the plaintiff funds in his hands belonging to the principal defendant. That would be on the theory that it is no real concern to him whether the plaintiff or defendant prevails and that pending the appeal the funds remain impounded. However that may be, a different situation exists where he has been discharged, and appeal is taken. The garnishment having been discharged, the garnishee would have no reason, not being made a party to the appeal and having no notice of appeal, to feel further obligation except to the defendant. Suppose, pending the appeal he innocently delivers the funds to the defendant—would he then be held liable under the statute in case the appellate court reverses the order discharging him? Clearly, it would be unfair to impose liability. The garnishee, one of the defendants below, being a necessary party to the appeal and not being joined, the appeal must be dismissed. (4 C. J. S. 854, 860; 2 Am. Jur. 989, 990; *Parks v. Honeywell*, 55 Kan. 615, 40 Pac. 896; *Pratt v. Fairfield*, 56 Kan. 144, 42 Pac. 350.)

There is still another reason—not suggested by the trial court nor urged by appellees—which would appear to support the order discharging the garnishment. It is provided in the garnishment statute (G. S. 1935, 60-955): "No judgment shall be rendered upon a liability of the garnishee arising either . . . *Third.* By reason of any money in his hands as a public officer, and for which he is accountable to the defendant merely as such officer." (See *H. & M. Tire Service Co. v. Combs*, 140 Kan. 35, 37, 34 P. 2d 943.)

For reasons stated the appeal must be dismissed. It is so ordered.