No. 36,296

In re Estate of Mariam B. Hall (CORWIN G. HALL et al., *Appellees*, v. STEPHENS COLLEGE, *Appellant*).

(159 P. 2d 408)

Opinion filed June 9, 1945.

*W. H. Coutts, Jr.,* of El Dorado, was on the briefs for the appellant.

*L. J. Bond,* of El Dorado, was on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is an application for redistribution of money paid to the county treasurer by the executor of a will pursuant to an order of the probate court. A judgment creditor of one of the heirs and legatees intervened and objected to the redistribution. Judgment was entered ordering a redistribution. The appeal of the creditor to the district court was dismissed. It has appealed.

The matter arises out of the estate of Mariam B. Hall. When she died some notes given by her daughter, Jennie M. Long, were found among her effects. These notes were treated as assets of the estate and when final distribution was made the distributive share of Jennie M. Long was found to be $639.66.

This final settlement was made on October 25, 1937. Jennie M. Long refused to accept this amount. On December 9, 1937, the probate court on application of the executor found that Jennie M. Long had refused to accept her distributive share and that it should be paid to the county treasurer for the benefit of the common schools of that county. On the same day it was so paid.

On March 31, 1939, the executor of the estate of Mariam B. Hall

applied to the probate court for an order that this money be distributed to the other heirs, next of kin and legatees of Mariam B. Hall. In this application the executor showed that he had been ordered to pay this amount to Jennie M. Long; that he had tendered it to her and she had refused it; that he had paid it to the county treasurer of Butler county on December 9, 1937, and that it had been held by the county treasurer since that time.

On June 1, 1943, Stephens College, the appellant in this case, asked the probate court for permission to intervene in the matter. In support of this application it pleaded that on March 10, 1943, it had filed its petition for intervention; that on the 26th of April, 1943, an execution against Jennie M. Long had been issued by the district court on a judgment obtained in a case in which it was plaintiff and Jennie M. Long was defendant and that on the same day it had filed an affidavit in garnishment, and garnishment summons had been issued and served on the county treasurer of the county and the county treasurer as an individual and upon the executor of the estate of Mariam B. Hall and other interested parties; that by the garnishment action certain funds were impounded in the hands of the garnishee defendants, for which they would have to account; that the final order of distribution was made on the 22d of October, 1937, and on December 9, 1937, the executor had paid to the county treasurer $639.66, being the distributive share of Jennie M. Long in the estate of Mariam B. Hall; that under G. S. 1935, 22-932, it was provided that money unclaimed by distributees should be held by the probate court for a space of one year after it was ordered distributed; that this fund had not remained in the hands of the executor for a year but only from October 22, 1937, until December 9, 1937, less than sixty days; that these funds were in the eyes of the law in the hands of Corwin G. Hall and therefore not in the hands of the county treasurer and the probate court was without jurisdiction of the subject matter of the action and was powerless to make an order distributing these funds or releasing a garnishment of the district court and that equity should not allow Corwin G. Hall to profit by the results of his misdeeds and that had he allowed the funds of Mrs. Long to remain in his hands for a period of one year the intervening petitioner would have caused a garnishment to be served upon him as executor.

On April 29, 1943, the court heard this matter; found that legal notice had been given; that the statements contained in the appli-

cation for redistribution were true and that the application should be allowed. The court then ordered the distribution of $639.66 among the legatees in the will of Mariam B. Hall and found further that Stephens College, the intervenor, had no interest in the money and took nothing under its pleadings and the costs should be taxed against it. From this order the intervenor appealed. On appeal the district court found substantially as the probate court and entered judgment in favor of the parties who had asked for redistribution and ordered that the appeal of the intervenor, Stephens College, should be dismissed.

From that judgment the appeal is taken.

It will be noted that the probate court ordered this money paid to the county treasurer on December 9, 1937. At that time G. S. 1935, 22-932, was the law in effect on this subject. That section provides, in part, as follows:

"If any sum of money directed by an order of the court to be distributed to heirs, next of kin, or legatees, shall remain for the space of one year unclaimed, the executor or administrator shall pay over the same to the treasurer of the county for the benefit of the common schools of the county: *Provided,* If any person to whom the court ordered a sum of money to be distributed refuses to accept the same when it is offered or tendered to him by the administrator or executor and no appeal has been taken from the order of distribution, the court, upon application made before the sum of money is paid to the county treasurer, or within ten years thereafter, and upon a showing that the sum was offered or tendered to the distributee and that he refused to accept it, shall order and direct that the sum of money be paid or distributed to other heirs, next of kin, or legatees, in the share or portion they would have been entitled to receive it had the refusing distributee not been entitled to a share or portion of the state (estate);"

The probate code was enacted in 1939. G. S. 1943 Supp., 59-1508, being a section of that code, provides as follows:

"If any part of the money on hand has not been paid over because the person entitled thereto cannot be found or refuses to accept the same, or for any other good and sufficient reason, the court may order the executor or administrator to deposit the same with the county treasurer for the benefit of the common schools of the county: *Provided,* If the person to whom said sum is ordered to be paid refuses to accept the same when it is tendered him by the executor or administrator, the court may, either before or after the sum has been deposited, order the same to be paid and distributed to those who would be entitled thereto had the refusing legatee or distributee not been entitled to it. "

Each of these sections provides that where a distributee refuses to accept his distributive share and it has been paid to the county

treasurer the court may, upon proper showing, order that share to be distributed to the heirs or legatees or other persons who would be entitled to it. The proceedings of the appellees in this case were taken pursuant to those sections.

The effect of the petition of the intervening creditor had it been allowed would have been to stay the action of the probate court from proceeding under this section to redistribute this money until the intervening creditor had been able to pursue his remedy by garnishment. The intervening creditor, appellant here, had no other interest in the matter. The application to redistribute in this case was filed March 31, 1939. The intervening creditor on November 29, 1938, had in the action in which it secured the judgment caused a summons and garnishment to be issued out of the district court directed to the county treasurer, and the county treasurer had answered admitting that he had these funds on hand and was holding them subject to the rights of the owner. In that action the executor of the estate, the same party who asked for the order of redistribution, filed a motion to dismiss the garnishment. On January 7, 1942, the garnishment was dismissed. This judgment was appealed to this court.

In *Stephens College v. Long,* 156 Kan. 449, 134 P. 2d 625, we stated:

"Appellant seeks to raise the questions of whether Mrs. Long in fact renounced her legacy, whether under the circumstances shown she could renounce or disclaim it as against the interest of her judgment creditor." (p. 450.)

These questions were not decided by us, however, because it was necessary to dismiss the appeal due to the fact that the appellant had not made the county treasurer, the garnishee in the action, a party to the appeal. Notwithstanding the fact that we dismissed the appeal we did say—

"There is still another reason—not suggested by the trial court nor urged by appellees—which would appear to support the order discharging the garnishments. It is provided in the garnishment statute (G. S. 1935, 60-955): 'No judgment shall be rendered upon a liability of the garnishee arising either . . . *Third,* By reason of any money in his hands as a public officer, and for which he is accountable to the defendant merely as such officer'." (p. 451.)

It thus appears that no effective appeal was taken from the order of the district court discharging the garnishee. On that account the judgment became final. No reason appears in this record why the

intervening creditor would be any more successful in reaching this money by garnishment now than it was in reaching the fund in the proceedings reported in the former opinion.

The appellant has no interest whatever in this application for re-distribution except its desire to keep the order to redistribute the fund from being made so that the fund may be held intact and sub-ject to garnishment. Since we have held that the fund cannot be reached by garnishment and the order has become final it appears the appellant has no interest and the district court was correct in dismissing its appeal from the probate court.

The order for redistribution upon which the appeal here is based was not entered by the probate court until April 29, 1943. The order discharging the garnishee was entered January 7, 1942. Our opinion dismissing the appeal in that case was filed March 6, 1943. It is clear that even though the application for redistribution was pending the probate court took no action on it until after it was definitely established that the order of the probate court discharg-ing the garnishee had become final.

The appellant argues here that the money due Mrs. Long was not deposited in the general fund of the county treasurer, but instead was deposited to the credit of the "personal credit deposit fund for the credit of Jennie Long distributive share of Mariam Hall estate," that is, appellant argues that G. S. 1935, 60-955, does not apply to this case because the money was held as a trust fund by the county treasurer. No matter how the county treasurer entered the money on his books he held it pursuant to the statute.

The judgment of the trial court is affirmed.