Geneva PALMER, Appellant,

v.

Anesta P. McCLELLAND, Appellee.

No. 1773.

Municipal Court of Appeals for the District of Columbia.

Argued May 7, 1956.

Decided June 18, 1956.

Herman Miller, Washington, D. C., for appellant.

Miller W. Marshall, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant, having obtained a judgment against appellee, issued a writ of attachment naming one Sperling as garnishee. Sperling, who conducts a real estate business, answered that he had been collecting rent on certain real estate owned jointly by appellee and her husband, and that he owed them $458.85, representing one month's rent. Upon filing of the garnishee's answer, appellee moved to quash the writ on the ground that the real estate was owned by her and her husband as tenants by the entirety and that the rents therefrom were not subject to attachment to satisfy a judgment against her alone. In opposition to this motion appellant moved for judgment of condemnation against the garnishee. The trial court granted the motion to quash the writ of attachment and this appeal followed.

Our first problem is whether we can decide the merits of the question raised in view of the fact that appellant did not make the garnishee a party to this appeal. In this jurisdiction, when a garnishment is served, "the suit becomes a suit in personam against the garnishee and the judgment which follows becomes a personal judgment against him." United States ex rel. Ordmann v. Cummings, 66 App.D.C. 107, 109, 85. F.2d 273, 275. When a motion to quash is granted the garnishee is no longer before the court and is relieved of the duties and obligations incident to the attachment. Appellant is asking us to reverse the order quashing the writ, the effect of which would be to bring the garnishee back into court and subject him to imposition of a personal judgment. Clearly, the garnishee is a necessary party to this appeal.

In Stephens College v. Long, 156 Kan. 449, 134 P.2d 625, 626, the facts were quite similar to those here, and in dismissing the appeal because the garnishee had not been made a party, the court said:

"The garnishment having been discharged the garnishee would have no reason, not being made a party to the

appeal and having no notice of appeal, to feel further obligation except to the defendant. Suppose, pending the appeal he innocently delivers the funds to the defendant—would he then be held liable under the statute in case the appellate court reverses the order discharging him? Clearly, it would be unfair to impose liability."

In the instant case appellant concludes her brief by urging us to reverse the order of the trial court and to direct entry of judgment against the garnishee who is not a party to this appeal. This we could not do. For the lack of a necessary party the appeal must be dismissed. In doing so we express no opinion as to the merits of appellant's claim.

Appeal dismissed.