**ROYAL CREDIT CO., Inc., a corporation, Appellant,**

v.

**John WABASH, Jr., Appellee.**

No. 2536.

Municipal Court of Appeals for the District of Columbia.

Argued April 18, 1960.

Decided June 28, 1960.

---

4. See also Alonzo v. Westfeldt Bros., 163 La. 198, 111 So. 675; Penn v. Smith, 93 Ala. 476, 9 So. 609.

494

Orie Seltzer, Washington, D. C., for appellant.

James A. Willey (appointed by this Court), Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant sued appellee in the Small Claims Branch of the trial court for the price of merchandise sold to him. Appellee failed to answer and a default judgment was taken against him. Some years later an attachment was issued and credits in the hands of appellee's employer were seized. Appellee then appeared and moved to quash the attachment and to be allowed to make instalment payments on the judgment. The trial court quashed the attachment and stayed execution on the judgment, conditioned on payment by appellee of $2 a week on the judgment. On appellant's application we allowed an appeal and appointed counsel for appellee.

The Act creating the Small Claims Branch provides:

"When judgment is to be rendered and the party against whom it is to be entered requests it, the judge shall inquire fully into the earnings and financial status of such party and shall have full discretionary power to stay the entry of judgment and to stay execution, except in cases involving wage claims, and to order partial payments in such amounts, over such periods, and upon such terms, as shall seem just under the circumstances and as will assure a definite and steady reduction of the judgment until it is finally and completely satisfied. Upon a showing that such party has failed to meet any instalment payment without just excuse, the stay of execution shall be vacated. When no stay of execution has been ordered or when such stay of execution has been vacated as provided herein, the party in whose favor the judg-

ment has been entered shall have the right to avail himself of all remedies otherwise available in said municipal court for the enforcement of such judgment." Code 1951, § 11-811.

The foregoing is the only authority given the Small Claims Branch to stay execution on its judgments conditioned on instalment payments. The question raised on this appeal is whether in this instance the court exceeded its authority.

■ Before answering the question we must first consider a suggestion of mootness. Appellee's employer, the garnishee, was not made a party to this appeal, and we are informed that he, after the attachment was quashed, paid the attached credits to appellee and appellee is no longer in his employ. It thus may be argued that this appeal is moot because a reversal of the trial court's order would be of no benefit to appellant. See Palmer v. McClelland, D.C.Mun.App., 123 A.2d 357. We are also told that appellee has made no instalment payments and therefore the stay of execution may be readily set aside. On the other hand, appellant has an uncollected judgment which has been held to be subject to having an execution stayed and instalment payments permitted, with the possibility that any future attempt to collect the judgment may meet with the same result. Although this possibility may be remote, we feel appellant is entitled to a ruling.

■■ Turning to the merits, we think it is plain from the wording of the statute that the power of the Small Claims Branch to stay execution on a judgment and permit instalment or periodical payments is limited to the time "When judgment is to be rendered," and such power cannot be exercised after judgment has been rendered and execution issued. The intent and purpose of the Act is to permit one who is sued in the Small Claims Branch to appear be-

fore judgment is entered and on a proper showing to obtain a stay of execution conditioned on his regular payment of such partial payments as the court may order. It was not the intent of the Act that one who is sued in the Small Claims Branch may ignore the process of the court, wait until a successful attachment is issued, and then come in and obtain relief from that attachment. The statute is designed to aid the diligent and not the indifferent.[1]

The case is remanded with instructions to vacate the stay of execution.

The court expresses its thanks to appellee's appointed counsel for his able assistance to the court in this matter.

Remanded with instructions.

---

1. Any other holding would present a serious conflict with our new garnishment law. Act of August 4, 1959, Code 1951, Supp. VIII, § 15-314 et seq. The attachment in this case issued before the effective date of the Act.