INDEPENDENCE FEDERAL SAVINGS
BANK, Appellant,

v.

James B. HUNTLEY, Appellee.

No. 88–1642.

District of Columbia Court of Appeals.

Submitted Feb. 21, 1990.

Decided April 30, 1990.

James W. Cobb, Washington, D.C., was on the brief for appellant.

Bernard A. Gray, Sr., Washington, D.C., was on the brief for appellee.

Before FERREN, BELSON, and FARRELL, Associate Judges.

PER CURIAM:

Plaintiff-appellee brought suit against appellant (the Bank) for wrongful fore-closure and wrongful eviction. At the close of the evidence, the trial court direct-ed a verdict for plaintiff on liability as to both counts on the ground that the bank had failed to give proper statutory notice of proposed foreclosure under D.C.Code § 45–715(b) (1986). A jury then returned a verdict on damages, awarding plaintiff $30,000 for wrongful foreclosure and $500 for loss of personal property during the wrongful eviction.

■ An appeal, the Bank's primary con-tention is that the directed verdict on liabili-ty was improper because in his deposition plaintiff conceded that he had learned of the foreclosure sale scheduled for Novem-ber 26, 1986, by reading of it in the Wash-ington Times on November 10, 1986, there-by—in the Bank's view—rendering harm-less any non-compliance on its part with the notice requirement of § 45–715(b). We re-ject this argument. The trial court correct-ly concluded, as a matter of law, that the Bank had failed to give notice by certified mail return receipt requested, as required by § 45–715(b). In the analogous context of tax sales, this court has held that the government "may effect a valid convey-ance of property for nonpayment of real estate taxes only by 'strict compliance' with the tax sale statute and regulations." *Boddie v. Robinson*, 430 A.2d 519, 522

(D.C.1981); *see also Robinson v. Kerwin,* 454 A.2d 1302, 1305 (D.C.1983). Other courts have held that, under trust deed foreclosure statutes similar to § 45–715(b), "the terms of [such] statutes must be strictly complied with, in order to satisfy the due process requirements of notice and opportunity to be heard." *Security Pac. Fin. Corp. v. Bishop,* 109 Idaho 25, 704 P.2d 357, 359 (App.1985); *Patton v. First Fed. Sav. & Loan Ass'n,* 118 Ariz. 473, 578 P.2d 152, 156 (1978).

The Bank cites no authority for its argument that the defect in notice "was cured by the knowledge of the borrowers of the pending sale and [plaintiff's] presence" at the sale. A key purpose of § 45–715(b) is to insure, whenever possible, that the owner of the encumbered property has notice of the sale "at least 30 days in advance of the date of said sale." The Bank concedes that plaintiff did not learn of the sale until November 10, 1986, sixteen days before the date of sale. Although plaintiff was able to file the instant suit on November 17, 1986, that did not prevent the sale of the property from going forward; in any event, the purpose of the 30–day notice provision is to allow the owner substantially more time than plaintiff received to "cure his default" in regard to the property. D.C.Code § 45–715.1. Without deciding whether actual notice may ever excuse failure to comply strictly with § 45–715(b), we conclude that the 16–day notice which plaintiff received was inadequate for that purpose.

We reject as well the Bank's argument that the evidence regarding damages on Huntley's claim for loss of personal property was speculative. Plaintiff's testimony about the cost of the household items to him or his estimate of their value was sufficient to create a jury issue. *See Hartford Accident and Indem. Co. v. Dikomey Mfg. Jewelers,* 409 A.2d 1076, 1079 (D.C.1979) (owner of article, whether or not generally familiar with value of like articles, may testify as to estimate of value of own property). Contrary to the Bank's additional claim, it was not denied—and, indeed, it utilized—an opportunity to cross-examine plaintiff about inconsistent statements in his deposition. Finally, as to the Bank's unparticularized claim that the trial court failed to give instructions on abandonment, proof of damages and notice, we conclude that instructions on abandonment and notice were not required because the court had effectively taken those issues away from the jury by directing a verdict on the issue of liability, and that the instructions on damages as given were adequate.

The judgment of the Superior Court is, accordingly,

*Affirmed.*