Mohammed ABDEL-KAFI, Appellant,

v.

CITICORP MORTGAGE,
INC., Appellee.

No. 98-CV-1787.

District of Columbia Court of Appeals.

Argued Oct. 24, 2000.

Decided May 3, 2001.

Bernard A. Gray, Sr., Washington, DC, for appellant.

Mitchell B. Weitzman, Washington, DC, for appellee.

Before WAGNER, Chief Judge, and STEADMAN and REID, Associate Judges.

STEADMAN, Associate Judge:

Appellant defaulted on a loan secured by a deed of trust on a condominium apartment at 2301 Connecticut Avenue, N.W. (Unit # 8A). Appellee (the "Lender")[1] held a foreclosure sale and successfully bid on the property. It then brought an action in the Landlord and Tenant branch to evict appellant from the property. Appellant appeals the grant of judgment of possession to the Lender. He asserts that the foreclosure sale was invalid because the notice of foreclosure: 1) was not sent to the proper address; and, 2) contained the wrong date as of which the cure amount was calculated. We agree with appellant's first argument.[2]

---

1. The named beneficiary under the deed of trust was Citibank, Federal Savings Bank. The precise relationship between that entity and Citicorp Mortgage, Inc., is not clear, but both parties present the case as if a single entity were involved and we proceed on that basis.

2. We therefore do not reach appellant's second argument with respect to the validity of the foreclosure or his argument that the plea

of title issue should never have been certified to the Civil Division. Lender raises the argument that the present owners of the property should be included as necessary parties to this appeal, but cites no controlling authority to that effect. This is not a case where the relief sought by the plaintiff in the trial court or on appeal necessarily must operate against an absent entity not joined by the plaintiff. Cf., e.g., Capital City Corp. v. Johnson, 646 A.2d 325, 329 (D.C.1994) (plaintiff suit to set aside

■ D.C.Code § 45–715(b) provides that no foreclosure sale under a deed of trust "may take place" unless notice of the sale is given to the owner of the encumbered property "at his last known address." In addition to information concerning the sale, the notice in the case of a residential mortgage must include the amount required to cure the default, *Bank–Fund Staff Fed. Credit Union v. Cuellar*, 639 A.2d 561, 568–69 (D.C.1994), and the mortgage debtor may reinstate the loan at any time prior to five days before the foreclosure sale, *see* § 45–715.1. *See also* P. Pearlstein, REAL ESTATE PRACTICE IN THE DISTRICT OF COLUMBIA, MARYLAND AND VIRGINIA, Vol. I, at 5–17 to 5–18 (May 1995).

■ In the case before us, the Lender sent the notice of foreclosure, dated May 15, 1997, to appellant at the property address on Connecticut Avenue.[3] However, at trial, appellant introduced a copy of a letter dated April 21, 1997, sent to the Lender at 1775 Pennsylvania Avenue, N.W., Washington, D.C. 20006, informing the Lender that appellant's address was 4265 Chamoune Street, No. 8, San Diego, CA 92115. This was in conformance with paragraph 14 of the deed of trust,[4] which provided:

14. Notices. Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address *or any other address Borrower designates by notice to Lender.* Any notice to Lender shall be given by first class mail to *Lender's address stated herein,* or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

(Emphasis added.) The deed of trust gave the Lender's address as 1775 Pennsylvania Ave. N.W., Washington, D.C. 20006, and the trial court said that it had "no particular reason to believe that he did not" send the notice as he had testified.

Nonetheless, the trial court agreed with the Lender's argument that the notice of foreclosure was properly sent when directed only to the Connecticut Avenue address. First, the Lender argued that the change of address notice itself had been sent to the wrong address. It introduced evidence of correspondence between it and appellant concerning the loan and its default which had been between appellant at the Connecticut Avenue address and the

---

foreclosure against absent purchaser); *Palmer v. McClelland,* 123 A.2d 357 (D.C.1956) (judgment of condemnation by attaching creditor against absent garnishee). On the contrary, the Lender as plaintiff in the case before us sought simply to obtain possession of the property from the defendant, and our ruling goes no further than the issue of their possessory rights to the property vis-a-vis each other.

3. The statute requires that the notice of foreclosure be sent by certified mail return receipt requested. No argument was made either to the trial court or to us on appeal that appellant may have received actual notice of

the foreclosure sale or that such notice would suffice even if the statutory notice was defective. Indeed, from the trial transcript, it appears that the notice of foreclosure sent to appellant was returned as unclaimed, and appellant's testimony indicates that he never saw the document.

4. The promissory note secured by the deed of trust required that monthly payments be made to the address in Ballwin, Missouri, or at a different place if required by the note holder. But that cannot control any contrary provision in the deed of trust for notices relevant to the latter instrument.

Lender at an address in Ballwin, Missouri. It also noted that a form of mortgage statement given to appellant constituted notice of a change of address. We do not think either of these is sufficient to invalidate appellant's formal compliance with the express terms of the deed of trust. The form of mortgage statement lists no less than six different addresses for the Lender, depending upon the nature of the business, and nowhere suggests that it supersedes all other addresses. By the same token, correspondence with the Lender at one address cannot, it seems to us, suffice to constitute the "other address Lender designates by notice to Borrower," as formally required by the security instrument.

Alternatively, the Lender argues that it was entitled to consider as appellant's "last known address" the Connecticut Avenue property at which all correspondence had been previously directed. The record, however, indicates that as best we can tell all such correspondence was in fact conducted prior to the April 21, 1997, letter giving the new address to the Lender and therefore could hardly act as the "last" known address. The only letters subsequent to that date contained in the exhibits are to third parties involving the unrelated matter of an insurance policy, which happen to have been written on stationery with his Connecticut Avenue as a masthead.

The notice of foreclosure is one of the key legal documents in the process whereby the borrower is stripped of title to his or her property. Among other things, a prime purpose of the notice provision is to give the borrower a viable chance to cure his default or take other appropriate action to avoid foreclosure. *See Independence Fed. Savings Bank v. Huntley*, 573 A.2d 787, 788 (D.C.1990). In cases of doubt, we have construed the statute in favor of the homeowner, *Cuellar*, 639 A.2d at 570, and have adopted the principle that mandates strict compliance by lenders with the rules governing trust deed foreclosures. *Huntley*, 573 A.2d at 788.

We must conclude, then, that because appellant's change of address letter was properly sent to the Lender's Washington D.C. office designated in the deed of trust, the ensuing notice of foreclosure did not comply with § 45–715's mandate that the notice be sent to appellant's "last known address." The judgment accordingly is

*Reversed.*